208

LYMAN ET AL., APPELLEES, v.
CHESTER TOWNSHIP BOARD OF TRUSTEES, APPELLANTS.

[Cite as Lyman v. Bd. of Trustees (1980),
63 Ohio St. 2d 208.]

(No. 79-642—Decided July 23, 1980.)

Messrs. *Thrasher, Dinsmore & Dolan* and *Mr. Dale H. Markowitz,* for appellees.

*Mr. John F. Norton,* prosecuting attorney, and *Mr. Richard J. Makowski,* for appellants.

*Per Curiam.* It was determined both in the trial court and in the Court of Appeals that amendment Z-72-2 was invalid for the reason that it delegated the authority for the issuance of zoning certificates to the zoning commission of the township contrary to the provisions of R. C. 519.16, which reads as follows:

"For the purpose of enforcing the zoning regulations, the board of township trustees may provide for a system of zoning certificates, and for this purpose may establish and fill the position of township zoning inspector, together with such assistants as the board deems necessary, fix the compensation for such positions, and make disbursements for them. The township clerk may be appointed secretary of the township zoning commission, secretary of the township board of zoning appeals, and zoning inspector, and he may receive compensation for such services in addition to other compensation allowed by law."

Because appellants concede that the procedure provided for in Section 7.4 of the zoning resolution, as amended by Z-72-2, could be invalid, and because appellees concede that their use would violate the substantive provisions of the zoning ordinance if that ordinance is enforceable against them, the sole issue before this court is whether the ordinance is enforceable against appellees even though the zoning certificate procedure contained therein is invalid.

A zoning certificate procedure is not mandated by R. C. 519.16. That section states that a township board of trustees may provide a zoning certificate system, not that it shall so provide.

In *Emmons* v. *Keller* (1970), 21 Ohio St. 2d 48, the court stated in the third paragraph of the syllabus:

"One part of a statute may be invalid for want of conformity to the Constitution without affecting the validity of the remainder of the statute, where the invalid part may be stricken and is not in its nature and connection so essential to the remainder of the statute or so related to the general purpose of its enactment as to warrant the conclusion that the General Assembly would have refused to adopt the statute with the invalid part thereof stricken therefrom."

If a valid alternative procedure exists to enforce the substantive provisions of the zoning ordinance, then the general purpose of the ordinance, which is land use planning, can be carried out. Under the *Emmons* ruling, which would apply to ordinances as well as statutes, if such is the case, the substantive provisions would remain in effect with the invalid part stricken therefrom and the alternative enforcement procedures available for use against appellees.

Section 3.15 of the ordinance declares a legislative intent to enact an ordinance with severable provisions. Section 7.7 provides in part:

"No building or structure may be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used, and no land may be used in violation of this Resolution or any amendment or supplement thereto—whether or not a zoning certificate has been issued.

"a. If any building or structure is or is proposed to be located, erected, constructed, reconstructed, enlarged, main-

tained or used, or any land is or is proposed to be used in violation of this Resolution, the Trustees, the County Prosecuting Attorney, the Zoning Inspector or any adjacent or neighboring property owner who would be especially damaged may institute injunction, mandamus, abatement or any other appropriate action or proceeding, in addition to other remedies provided by law, to prevent any violation of this Resolution. The Trustees may employ special counsel to represent it in any proceeding or to prosecute any action."

R. C. 519.24, in part, states:

"In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use.*** "

R. C. 519.23 provides that no land be used in violation of a zoning resolution and, under R. C. 519.99, whoever violates R. C. 519.23 shall be fined not more than $100 for each offense.

Clearly, the Ohio statute provides enforcement procedures for zoning resolutions which do not contain optional zoning certificate procedures. Because R. C. 519.24 and 519.99, in conjunction with Section 7.7, so provide, the procedure under Z-72-2 is severable from the substantive provisions of the Chester Township Zoning Resolution which remain in effect. Appellees use is concededly in violation of the substantive provisions. Consequently, appellees were not entitled to the declaratory judgment sought.

Appellants counterclaimed for an injunction in the case at bar. R. C. 519.24 and Section 7.7 clearly provide for such an

action. Appellants should be granted an injunction against appellees' use of the land as a recreational vehicle storage lot.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, O'NEILL, SWEENEY, LOCHER and HOLMES, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for P. BROWN, J.