OPINION
{¶ 1} Appellant, Teddy G. Kistler, appeals the March 18, 2003 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, in which the trial court ordered that a qualified domestic relations order ("QDRO") be issued where appellee, Sharon Kistler, would be entitled to a monthly benefit in the amount of $267.72 per month less any proportionate reductions for early retirement.
 {¶ 2} Appellant and appellee were married on July 24, 1976. Two children were born as issue of the marriage, both of whom are emancipated. Appellee filed for divorce on May 12, 1993. A divorce decree was entered on October 5, 1993, and it incorporated a Separation Agreement which was executed on September 27, 1993. For purposes of this appeal, the relevant portion of the Separation Agreement states:
 {¶ 3} "ARTICLE VII
 {¶ 4} "PENSIONS
 {¶ 5} "Husband shall waive his interest in Wife's pension plan. Wife to receive one half of 535.43 as her interest in Husband's pension which is 267.72 at such time Husband retires provided that Husband's benefit is unreduced for early retirement. In the event that Husband's retirement benefits are reduced for early retirement, then Wife's benefits shall be proportionately reduced."
 {¶ 6} On May 14, 2002, appellee filed a "Motion to Implement the Qualified Domestic Relations Order." In response, appellant filed a motion to dismiss appellee's motion. Thereafter, on October 18, 2002, appellee filed an "Amended Motion to Implement Qualified Domestic Relations Order/To Enforce Divorce Decree." In that motion, appellee requested that the trial court enter a QDRO to enforce Article VII of the Separation Agreement. Attached to appellee's motion was a "Calculation of Retirement Eligibility" dated October 5, 1992, which showed a calculation of appellant's benefit and indicated that he would receive "a monthly lifetime benefit of $535.43 * * *." A hearing on the matter was held before the magistrate on December 20, 2002.[1]
 {¶ 7} The magistrate issued a decision on March 18, 2003, ordering a QDRO be issued entitling appellee to a monthly benefit in the amount of $267.72 per month less any proportionate reductions for early retirement and providing appellee an interest in appellant's plan for her lifetime in the form of a joint and survivorship annuity. The trial court adopted the magistrate's decision on that same date. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 8} "[1.] The trial court committed reversible error in modifying the portion of its previously issued divorce decree relating to the division of marital property by converting a one-time payment into a continuing monthly obligation, by ordering the imposition of a [QDRO] and by granting the recipient of that QDRO additional rights in the nature of a joint and survivorship annuity which were not contemplated in the parties' Separation Agreement or in the trial court's divorce decree.
 {¶ 9} "[2.] The trial court committed reversible error in modifying the portion of its previously issued divorce decree relating to the division of marital property on the stated basis that the parties' actual intentions were other than those set forth in their Separation Agreement, where that Separation Agreement was fully incorporated into the trial court's divorce decree and contained a merger/integration clause providing that the parties' said Agreement reflected the complete understanding of the parties as to all issues.
 {¶ 10} "[3.] The trial court committed reversible error in modifying the portion of its previously issued divorce decree relating to the division of marital property where there has been no motion filed by any party complying with the provisions of [Civ.R. 60(B)].
 {¶ 11} "[4.] The trial court committed reversible error in modifying the portion of its previously issued divorce decree relating to the division of marital property, based on factual findings which are completely unsupportable due to the facts that neither party presented any evidentiary materials in conjunction with their briefs, the trial court did not conduct an evidentiary hearing and the parol evidence rule would, at any rate, preclude the presentation of any evidence in support of appellee's motion for modification of the previously issued divorce decree.
 {¶ 12} "[5.] The trial court committed reversible error in approving the Magistrate's Decision on the same day it was issued, without affording appellant the opportunity to submit objections, where the Magistrate's Decision contains obvious errors on its face."
 {¶ 13} Under the first assignment of error, appellant asserts that the trial court erred in modifying its previously issued divorce decree relating to the division of property by converting a one-time payment into a continuing monthly obligation through a QDRO.
 {¶ 14} Although R.C. 3105.171(I) clearly prohibits a domestic relations court from modifying a property award, in a case where a pension or retirement benefit is vested but unmatured, a court may reserve continuing jurisdiction over the distribution of this asset. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 182. A trial court has the power to interpret an ambiguous clause in a separation agreement that is part of a divorce decree by considering the intent of the parties and the equities involved.Gonzalez v. Gonzalez (Dec. 29, 2000), 11th Dist. No. 99-L-038, 2001 WL 20724, at 4, citing In re Dissolution of Marriage ofSeders (1987), 42 Ohio App.3d 155, 156. Furthermore, a separation agreement is a contract, and thus, is subject to the same rules of construction governing the interpretation of other contracts. Gonzalez, supra, at 4, citing Uram v. Uram (1989),65 Ohio App.3d 96, 99. "* * * [I]t has been held that when a term in an agreement is unambiguous, then the words must be given their plain, ordinary and common meaning; however, when the term is not clear, parol evidence is admissible to explain the meaning of the words." Forstner v. Forstner (1990), 68 Ohio App.3d 367,372.
 {¶ 15} In the case at bar, after reviewing Article VII of the Separation Agreement, it is our view that the provision was ambiguous since it failed to indicate whether the amount was to be paid monthly or as a lump sum. Hence, the trial court had the authority to enter an order to interpret and enforce its prior order. Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} For the second assignment of error, appellant argues that the trial court erred in modifying its previously issued divorce decree relating to the division of marital property on the basis that the parties' intentions were other than those set forth in the Separation Agreement, which contained a clause stating that the agreement reflected the complete understanding of the parties as to all issues.
 {¶ 17} However, if there is no transcript of the hearing or some other acceptable alternative as set out in App.R. 9, this court must presume the regularity of the trial court proceedings as well as the validity of its judgment. Byron v. Carlin (Dec. 14, 2001), 11th Dist. No. 2000-L-169, 2001 WL 1602662, at 5. In this matter, there was no App.R. 9(C) or (D) statement included in the record, therefore, we must presume regularity in the trial court proceedings. Appellant's second assignment of error is meritless.
 {¶ 18} In the third assignment of error, appellant alleges that the trial court erred in modifying the previously issued divorce decree even though neither party filed a Civ.R. 60(B) motion.
 {¶ 19} It is our view that Civ.R. 60(B) has no application to the matter at hand Appellee filed a motion to implement a QDRO to enforce Article VII of the Separation Agreement which was incorporated into the divorce decree. Nowhere in that motion did appellee make any arguments relating to a Civ.R. 60(B) motion for relief from judgment. Accordingly, Civ.R. 60(B) has no relevance to this matter. Further, as mentioned above, the trial court retained jurisdiction over the matter. Therefore, appellant's third assignment of error is without merit.
 {¶ 20} For assignment of error number four, appellant contends that the trial court erred in modifying the previously issued divorce decree based on facts that are completely unsupportable due to the fact that neither party referenced any evidential material in the record in conjunction with their briefs.
 {¶ 21} Appellant has not properly preserved this issue for appeal since he did not file objections to the magistrate's decision. Civ.R. 53(E)(3)(d) provides, in pertinent part: "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 22} Here, it is undisputed that appellant filed no objections to the magistrate's March 18, 2003 decision.[2]
If a party fails to file objections to a magistrate's decision in accordance with Civ.R. 53, such claim or objection is waived for purposes of appeal, and an appellant may not then challenge the court's adoption of the magistrate's factual findings on appeal.Aurora v. Sea Lakes, Inc. (1995), 105 Ohio App.3d 60, 66. Pursuant to Civ.R. 53(E)(3)(b), appellant waived his right to appeal the trial court's adoption of those findings of fact and conclusions of law. See Group One Realty, Inc. v. DixieInternatl., Co. (1998), 125 Ohio App.3d 767, 768-769.
 {¶ 23} Furthermore, because there was no transcript from the hearing, this court is restricted to exploring only those matters which are contained in the record before it. Ostrander v.Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 74. App.R. 9 requires that the party challenging the trial court's decision prove the alleged error through references to the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. It is an appellant's duty to provide a record of the trial court's proceedings that is necessary for the resolution of his appeal even if, through no fault of the appellant, a verbatim transcript of the proceedings below is unavailable. Buckley v.Ollila (Mar. 3, 2000), 11th Dist. No. 98-T-0177, 2000 WL 263739, at 2. Hence, because there was no transcript of the hearing or some other acceptable alternative as set out in App.R. 9, this court must presume the regularity of the trial court proceedings as well as the validity of its judgment. Byron, supra, at 5.
 {¶ 24} In the case at bar, appellant failed to present a transcript from the hearing or a suitable alternative with which to demonstrate the issues argued in the fourth assignment, so this court must presume regularity in the trial court's proceedings. Appellant argues factual items as though they were in the record before us, but they are not. Furthermore, there was no error of law based on the findings of fact and conclusions of law.
 {¶ 25} Therefore, appellant's failure to file objections to the magistrate's decision precludes this court from addressing his fourth assignment of error on the merits and is dispositive of the arguments in his assignment of error. In addition, because appellant failed to provide a transcript or some other acceptable alternative as set forth in App.R. 9, we must presume the regularity of the proceedings at the trial court level. Appellant's fourth assignment of error is not well-founded.
 {¶ 26} In the fifth assignment of error, appellant argues that the trial court erred in adopting the magistrate's decision on the same day it was issued without affording him an opportunity to submit his objections.
 {¶ 27} Civ.R. 53(E)(4)(c) states that: "[t]he court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered * * *." Furthermore, pursuant to Civ.R. 53(E)(4)(a): "[t]he magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
 {¶ 28} In the instant matter, although the trial court adopted the magistrate's decision on the day it was issued, i.e. March 18, 2003, appellant still had fourteen days to file objections after the trial court's judgment entry had been filed, which would have suspended the court's judgment entry until it ruled on the objections. Huffman v. Huffman (July 13, 2001), 11th Dist. No. 2000-T-0095, 2001 WL 799882, at 1. Moreover, we cannot presume that the trial court did not conduct an independent analysis even though the magistrate's decision and the trial court's judgment entry were issued on the same day. Appellant's fifth assignment of error lacks merit.
 {¶ 29} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
Christley and Rice, JJ., concur.
[1] Appellant's attorney indicated that a statement pursuant to App.R. 9(C) or (D) would be prepared in lieu of a transcript because the proceedings were not recorded.
[2] There was a note on the magistrate's report that set out the fourteen-day objection rule and which cited Civ.R. 53(E).