OPINION
{¶ 1} Defendants-appellants, David S. Mix and Kimberly D. Mix ("David and Kimberly"), appeal from the judgment of the Portage County Municipal Court, Ravenna Division, issuing a Writ of Restitution in favor of plaintiff-appellee Daniel M. Mix ("Daniel"). We affirm.
 {¶ 2} The record, while sparse due to a lack of a transcript or agreed statement of facts, reveals the following information. On July 24, 2000, David and Kimberly, a married couple, purchased a mobile home for $15,000 from a third party. The mobile home was located on Lot #1, Black Brook Valley Estates, in Freedom Township, Ohio. Daniel loaned David and Kimberly the money for the purchase, and the parties executed a loan agreement.
 {¶ 3} In August 2002, David and Kimberly separated, with David moving to Columbus, while Kimberly continued to live in the mobile home. Since Daniel expressed concerns over recouping the proceeds of his loan, Daniel, David, and Kimberly executed a combination promissory note and security agreement ("the agreement") on August 12, 2002, which stated that both David and Kimberly promised to pay to Daniel the amount of $10,086.19, with an annual interest rate of 6.9 percent. Pursuant to the terms of the agreement, the first payment was due on October 1, 2002, and monthly payments of $303.42 were to be made over 37 months.
 {¶ 4} Within the same agreement David and Kimberly also granted a non-transferable lien on the mobile home, until such time as the loan was paid according to its terms or was otherwise prepaid. A certificate of title was issued on the same day in David and Kimberly's names, which recorded Daniel's lien interest in the property.
 {¶ 5} On August 13, 2003, Daniel transferred the title to the mobile home into his name, filing a form statement of reason for exemption from manufactured and mobile home conveyance fee, which stated the reason for the conveyance of title was "solely in order to provide or release security for a debt or obligation."
 {¶ 6} On September 5, 2003, a notice to leave premises was served upon Kimberly. On September 11, 2003, Daniel filed an action in forcible entry and detainer, stating two causes of action. The first, a complaint to evict, and the second for rent owed, in the amount of $3,641.04. David and Kimberly did not file an answer.
 {¶ 7} On October 9, 2003, the hearing was held on the eviction action before the magistrate. Both parties appeared at the hearing pro se. On October 16, 2003, the magistrate filed his findings and decision. In his decision, the magistrate found specifically that: (1) Daniel was now the owner of the subject manufactured home; (2) David and Kimberly were the prior owners, but that title to the home had passed on or about August 13, 2003, as the result of a default on the payments due on the promissory note and security agreement executed in favor of Daniel by David and Kimberly; (3) Kimberly resided in the home, but David, as of the date of the hearing, did not; (4) the rules of the mobile home park in which the home is located do not permit homes to be occupied by non-owners, and; (5) that there is no rental agreement among the parties.
 {¶ 8} On October 17, 2003, as the result of the magistrate's findings of fact, the trial court decided that David and Kimberly had no further right to occupy the home, and ordered that a writ of restitution issue.
 {¶ 9} On October 28, 2003, pursuant to the court's judgment entry, a writ of restitution was issued. On October 30, 2003, the Portage County Sheriff executed the writ of restitution, by posting the writ on the premises, since Kimberly moved out prior to the eviction.
 {¶ 10} David and Kimberly timely filed their notice of appeal, asserting the following assignments of error:
 {¶ 11} "[1.] The trial court erred when it failed to notify the Parties that they must object to a finding of fact or conclusion of law in a magistrate's decision in order to assign as error on appeal the court's adoption of any finding of fact or conclusion of law, to the prejudice of the substantial rights of Appellants.
 {¶ 12} "[2.] The trial Court erred and abused its discretion by finding Plaintiff-Apelle[e] was the owner of the manufactured home in question, to the substantial prejudice of the Appellant's Fifth and Fourteenth Amendment Rights of due process.
 {¶ 13} "[3.] The trial Court erred and abused its discretion by issuing a Writ of Restitution and evicting the Appellants from the property through the use of a hearing and enforcement action under a Forcible Entry and Detainer, to the prejudice of the substantial rights of the Appellants."
 {¶ 14} An appellate court's standard of review of a trial court's decision under Civ.R. 53 is limited to a determination of whether the trial court abused its discretion in adopting the magistrate's recommendations. In re Gibbs (Mar. 13, 1998), 11th Dist. No. 97-L-067, 1998 Ohio App. LEXIS 997, at *12.
 {¶ 15} An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not in the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984), 15 Ohio St.3d 164,222 (citation omitted). When an abuse of discretion standard is applied, the appellate court may not substitute its judgment for that of the trial court. State ex. rel. Duncan v.Chippewa Twp. Trustees, 73 Ohio St.3d 728, 732, 1995-Ohio-272
citing In re Jane Doe (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 16} In their first assignment of error, David and Kimberly argue that the trial court erred to their prejudice by adopting the magistrate's decision, which contained findings of fact and conclusions of law, but failed to contain language conspicuously warning them that a failure to specifically and timely object to the magistrate's findings would result in their waiver of the right to assign as error the trial court's adoption of these findings and conclusions. We agree.
 {¶ 17} Civ.R.53 allows a trial court to refer certain matters to magistrates. In re Bortmas (Oct. 15, 1999), 11th Dist. No. 98-T-0147, 1999 Ohio App. LEXIS 4879, at *5, citing Erb v. Erb
(1989), 65 Ohio App.3d 507, 509. Once a matter has been referred to a magistrate, and all required action has been taken, the magistrate is required to prepare a "magistrate's decision," which is prepared, signed and filed by the magistrate. Id. at *5. A magistrate's decision may or may not be required to contain findings of fact and conclusions of law. Civ. R. 52.
 {¶ 18} Once the magistrate's decision is filed, a party then has fourteen days to file written objections to the magistrate's decision. Bortmas, 1999 Ohio App. LEXIS 4879, at *5. A party is precluded from appealing any finding of fact or conclusion of law adopted by the trial court, unless proper objection is made, pursuant to Civ.R. 53(E)(3)(b).[1] Id. at *6; Swarmer v.Swarmer (Dec. 18, 1998), 11th Dist. No. 97-T-0212, 1998 Ohio App. LEXIS 6153, at *6; Civ.R. 53(E)(3)(d).
 {¶ 19} On July 1, 2003, Civ.R. 53(E)(2) was amended to add the following sentence: "[a] magistrate's findings of fact and conclusions of law shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53(E)(3)." (Emphasis added). According to the Staff Note to amended Rule 53(E):
 {¶ 20} "the amendment adds a new sentence to Civ.R. 53(E)(2), which sentence requires that a magistrate who files a decision which includes findings of fact and conclusions of law also provide a conspicuous warning that timely and specific objection * * * is necessary to assign as error on appeal adoption by the trial court of any finding of fact or conclusion of law[.]"
 {¶ 21} The Rules Advisory Committee, in adopting the amended rule, learned that counsel and pro se litigants were often surprised by the waiver rule, particularly when a trial court adopts the magistrate's decision prior to the expiration of the fourteen day period authorized for the filing of objections.
 {¶ 22} In the instant matter, the magistrate issued his decision on October 16, 2003, making findings of fact and conclusions of law, but not including the required language of Civ.R. 53(E)(2). One day later, the trial court adopted the magistrate's findings of fact and conclusions of law in their entirety. Thus, this is precisely the situation the amendment to the rule sought to avoid. We, therefore, find that David and Kimberly's first assignment of error has merit, and will address their remaining assignments of error accordingly.
 {¶ 23} In their second assignment of error, David and Kimberly argue that the trial court erred and abused its discretion by finding that Daniel was the owner of the manufactured home. We disagree.
 {¶ 24} As noted earlier, there is no transcript or agreed statement of the record before us. David attempted, pursuant to App.R. 9(C), to file a "statement of the evidence or proceedings" with this court, but it was stricken from the record since the statements were not agreed upon by all of the parties as required by the rule and because the statement was not submitted to the trial court prior to the transmission of the trial record.
 {¶ 25} This court has repeatedly held that "where there [is] no transcript * * *, an appellate court is restricted to exploring only those matters which are contained in the record before it." Kistler v. Kistler, 11th Dist. No. 2003-T-0060, 2004-Ohio-2309, at ¶ 23. Furthermore, the party challenging the trial court's decision must prove the alleged error through references to the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; Kistler, 2004-Ohio-2309, at ¶ 23.
 {¶ 26} Since David and Kimberly, as appellants, have the duty of providing a transcript of the trial court's proceedings or an acceptable alternative to a transcript, pursuant to App.R. 9, and failed to do so, then this court must presume the regularity of the trial proceedings and the validity of its judgment.Kistler, 2004-Ohio-2309 at ¶ 23. David and Kimberly's second assignment of error is without merit.
 {¶ 27} In their third assignment of error, David and Kimberly argue that the trial court erred and abused its discretion by issuing a Writ of Restitution and evicting [Kimberly] from the property through the use of forcible entry and detainer. Relying on Costantino v. Lyons (Dec. 18, 1987), 11th Dist. No. 3774, 1987 Ohio App. LEXIS 10139, David and Kimberly argue that the proper action which should have been taken in order to regain possession of the mobile home was replevin, rather than forcible entry and detainer. As noted in the magistrate's findings of fact, there was no rental agreement between the parties which would trigger an action in forcible entry and detainer. While we agree that the rule of Costatino applies to the instant matter and that the magistrate and trial court should have been more precise in the application of pertinent law, David and Kimberly fail to demonstrate that they have been prejudiced by the trial court's error, since, unlike the appellant in Costantino, David was not living in the mobile home at the time the action was filed, and Kimberly voluntarily vacated possession of the mobile home prior to the writ of restitution being served. David and Kimberly's third assignment of error is, therefore, without merit.
 {¶ 28} For the foregoing reasons, we affirm the judgment of the Portage County Municipal Court, Ravenna Division.
Ford, P.J., concurs, Grendell, J., concurs in judgment only with a Concurring Opinion.
[1] Civ. R. 53(E)(3)(b) provides, "Objections shall be specific and state with particularity the grounds of objection."