{¶ 37} Although I agree with the majority to affirm the judgment of the trial court, I do not believe that the plain error analysis is appropriate here.
 {¶ 38} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997),79 Ohio St.3d 116, syllabus.
 {¶ 39} This writer does not see any "exceptional circumstances" in the instant matter. Although appellant is not represented by counsel, we do not, however, apply a different standard of review. "[A] pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court." Metzenbaum v. Gates, 11th Dist. No. 2003-G-2503, 2004-Ohio-2924, at ¶ 7, citing Kilroy v. B.H.Lakeshore Co. (1996), 111 Ohio App.3d 357, 363.
 {¶ 40} In the case at bar, appellant failed to file objections to the magistrate's decision.
 {¶ 41} Civ.R. 53(E)(3)(d) provides in pertinent part that: "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 42} This court stated in Kistler v. Kistler, 11th Dist. No. 2003-T-0060, 2004-Ohio-2309, at ¶ 22, that: "[i]f a party fails to file objections to a magistrate's decision in accordance with Civ.R. 53, such claim or objection is waived for purposes of appeal, and an appellant may not then challenge the court's adoption of the magistrate's factual findings on appeal. Aurorav. Sea Lakes, Inc. (1995), 105 Ohio App.3d 60, 66 * * *." (Parallel citation omitted.) Here, pursuant to Civ.R. 53(E)(3)(d), appellant waived her right to appeal the trial court's adoption of those findings of fact and conclusions of law. See Group One Realty, Inc. v. Dixie Internatl., Co.
(1998), 125 Ohio App.3d 767, 768-769. Therefore, appellant's failure to file objections to the magistrate's decision precludes this court from addressing her assignments of error on the merits, no matter how kindly disposed the court may otherwise be inclined with respect to the practical difficulties many pro se litigants may encounter in a given case.
 {¶ 43} For the foregoing reasons, I concur in judgment only.