OPINION
{¶ 1} Appellant, Wendy Carlton, appeals from the judgment of the Portage County Court of Common Pleas adopting the Magistrate's Decision granting appellee, the Board of Hiram Township Trustees ("board of trustees"), an injunction against her in a zoning dispute. We affirm.
 {¶ 2} In August 2000, Ms. Carlton purchased a distressed six-acre farm property in Hiram Township. She commenced numerous improvements, including the replacement of part of the open fence surrounding the property with a white vinyl privacy fence. The Hiram Township zoning inspector determined that this fence violated Hiram Zoning Resolution Section 203-5(F), regulating, in part, air through, light and height requirements for fences. The zoning inspector advised Ms. Carlton to seek a variance. The Hiram Township Board of Zoning Appeals declined her application. When she failed to dismantle the offending fence, the zoning inspector cited her and the board of township trustees brought a suit against her for an injunction to remove the fence.
 {¶ 3} Ms. Carlton answered and counterclaimed. Cross motions for summary judgment were filed. Ms. Carlton's summary judgment motion was denied. The board of trustees' motion for summary judgment on Ms. Carlton's counterclaim was granted. Following a bench trial, the magistrate issued his decision, filed February 17, 2005, granting the board of trustees its injunction. Ms. Carlton objected. The trial court adopted the magistrate's decision March 9, 2005. Ms. Carlton timely filed her appeal April 7, 2005, asserting two assignments of error:
 {¶ 4} "[1.] The trial court erred to the prejudice of Carlton in finding that the Township zoning resolution § 203-5(F), insofar as it regulates the structure of fences, is a valid exercise of authority under R.C. 519.02. T.d.26; 23.
 {¶ 5} "[2.] The trial court erred to the prejudice of Carlton in finding that Township zoning resolution § 203-5(F) is enforceable under R.C. 519.24. T.d.26; 23."
 {¶ 6} A trial court's decision to adopt, reject, or modify a magistrate's decision is generally reviewed for abuse of discretion. Wade v. Wade (1996), 113 Ohio App.3d 414, 419. In this case, Ms. Carlton neither filed a transcript of the proceedings before the magistrate nor an acceptable alternative under App.R. 9. Thus, this Court is restricted to exploring those matters contained in the record before us. Mix v. Mix, 11th Dist. No. 2003-P-0124, 2005-Ohio-4207, at ¶ 25. A reviewing court may not reverse the award of injunctive relieve absent a clear abuse of discretion. Garono v. State (1988), 37 Ohio St.3d 171,173. An abuse of discretion is not a mere error of law or judgment but rather, suggests an unreasonable, arbitrary or unconscionable attitude on the part of the court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} We shall address appellant's two assigned errors together as they represent two facets of one determinative question, viz., is Section 203-5(F) of the Hiram Township Zoning Resolution a valid, substantive zoning provision? To this question, we respond in the affirmative.
 {¶ 8} "The zoning authority possessed by townships in the state of Ohio is limited to that which is specifically conferred by the General Assembly." Bd. Of Bainbridge Twp. Trustees v.Funtime, Inc. (1990), 55 Ohio St.3d 106, at paragraph one of the syllabus. The General Assembly has conferred the power to adopt zoning regulations on townships through R.C. 519.02. Id. at 107. That section does not explicitly permit a township to regulate the implementation and/or use of fences. However, R.C. 519.02
gives townships the power to regulate "structures," the genus for which courts have held fences are a species. State v. Zumpano
(1956), 76 Ohio Law Abs. 434; accord W. Chester Twp. Zoning v.Fromm (2001), 145 Ohio App.3d 172, 178; Dsuban v. Union Twp.Bd. Of Zoning Appeals, 12th Dist. Nos. CA 2002-09-232, CA 2002-10-260, 2003-Ohio-4612, at ¶ 9.
 {¶ 9} Hiram's zoning resolution defines a "structure" as, "[a]nything constructed or erected that requires location on the grounds including signs, and billboards, but not includingfences or walls used as fences." (Emphasis added.)
 {¶ 10} Hiram Res., Section 203-5(F), titled "Fences, Walls, and Hedges[,]" provides, in relevant part:
 {¶ 11} "Fences * * * may be permitted in any required yard, or along the edge of any yard, provided that no fence * * * along the sides or front edge of any front yard shall be over three (3) feet in height * * * [and] shall be open to light and air; * * *
 {¶ 12} "Solid walls and fences shall conform to all required setback lines for yards."
 {¶ 13} Appellant points out that R.C. 519.02, the enabling statute from which the township derives its zoning authority, permits only the regulation of "structures." However, the language of the ordinance operates to exclude fences, inter al., from the definition of "structure." By excluding fences from this definition, appellant concludes the township explicitly relinquished its authority to regulate fences. We disagree.
 {¶ 14} In Emmons v. Keller (1970), 21 Ohio St.2d 48, the Supreme Court of Ohio stated:
 {¶ 15} "One part of a statute may be invalid for want of conformity to the Constitution without affecting the validity of the remainder of the statute, where the invalid part may be stricken and is not in its nature and connection so essential to the remainder of the statute or so related to the general purpose of its enactment as to warrant the conclusion that the General Assembly would have refused to adopt the statute with the invalid part thereof stricken therefrom." Id. at paragraph three of the syllabus.
 {¶ 16} Further, in Lyman v. Bd. Of Trustees (1980),63 Ohio St.2d 208, the Ohio Supreme Court held that substantive provisions of a township zoning resolution could be enforced under the authority of R.C. 519.24,[1] even if the enforcement procedures in the resolution were infirm. Id. at 211-212.
 {¶ 17} In arriving at this conclusion, the court observed:
 {¶ 18} "If a valid alternative procedure exists to enforce the substantive provisions of the zoning ordinance, then the general purpose of the ordinance, which is land use planning, can be carried out. Under the Emmons ruling, which would apply to ordinances as well as statutes, if such is the case, the substantive provisions would remain in effect with the invalid part stricken therefrom and the alternative enforcement procedures available for use against [the violating party.]"Lyman at 210.[2]
 {¶ 19} In his decision, the magistrate relied upon the provisions of R.C. 519.24, as interpreted in Lyman, in finding that Section 203-5(F) was enforceable. The magistrate concluded that even if Section 203-5(F) was unenforceable under the Hiram Township Zoning Resolution (since fences are excluded from the resolution's operation), it was still enforceable as a substantive zoning regulation under R.C. 519.24 and Lyman. The magistrate did not act arbitrarily or unreasonably in so deciding.
 {¶ 20} The definition of structure in the ordinance internally precludes the regulation of fences. However, Ohio law allows a township to enforce zoning ordinances which regulate structures as fences. As such, pursuant to Emmons and Lyman,
the clause in the definition of "structure" which excludes fences can be excised from the ordinance in favor of the substantive provisions set forth in Section 203-5(F).
 {¶ 21} For the foregoing reasons, we hold Section 203-5(F), the substantive provision of the Hiram zoning resolution governing fences, is valid and enforceable pursuant to Lyman,
supra. The trial court did not abuse its discretion in so ruling and therefore, appellant's two assignments of error are without merit.
 {¶ 22} As appellant's assignments of error are overruled, we hereby affirm judgment of the Portage County Court of Common Pleas.
Garendell, J., concurs in judgment only with a Concurring Opinion,
O'Toole, J., dissents with a Dissenting Opinion.
[1] R.C. 519.24 provides, in pertinent part:
"[i]n case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of section 519.01 to 519.99, inclusive * * * or of any regulation or provision adopted by any board of township trustees under such sections * * * [then the board, etc., may maintain an action to stop it] * * * [.]"
Although the statute refers to "buildings" which violate a zoning code, "the intention of [the] statute clearly is to create a cause of action against people who use or propose to use their property in violation of R.C. 519.01 through 519.99, or in violation of a township zoning resolution." Barbeck v. TwinsburgTownship (1990), 69 Ohio App.3d 837, 840.
[2] We recognize that Lyman specifically dealt with an ordinance which, as a result of an internal infirmity in its procedure for issuing zoning certificates, was functionally or formally invalid. Here, our thematic differs from that ofLyman, viz., we are concerned with the enforcement of a substantive provision whose validity has been challenged. Despite the differences, we believe the rules announced in Lyman andEmmons, when read together, set forth a general formal principle of construction for regulations governed by R.C. Chapter 519; to wit, it is permissible to excise a conflicting portion of an ordinance where the remainder is unaffected and the purpose of the ordinance remains served.