OPINION
{¶ 1} Appellant, Jennifer Ball, appeals the judgment of the Lake County Court of Common Pleas, Juvenile Division, adopting the magistrate's decision to award custody of the parties' minor child to appellee, Jason Schilling. For the reasons herein, we affirm. *Page 2 
 {¶ 2} On October 26, 2004, appellee filed a "Complaint to Determine the Existence of a Parent-Child Relationship" pertaining to the parties' minor child with a motion for allocation of parental rights and responsibilities. On October 27, 2004, appellant was personally served and subsequently filed various responsive pleadings.
 {¶ 3} During the pendency of the proceedings, four pretrial hearings were held all of which appellant and appellee attended. On June 8, 2005, during the third pretrial, the court set the final trial for September 14, 2005 and September 16, 2005. However, on August 12, 2005, the parties jointly moved for a continuance. The trial court granted the motion and re-scheduled trial for November 21, 2005 and December 19, 2005. The Deputy Clerk of the Juvenile Court mailed separate notices to both parties reflecting the new trial dates. The final pretrial was held on September 16, 2005, from which the magistrate issued an order reiterating that final trial would take place on November 21, 2005 and December 19, 2005. Again, a copy of the order was mailed to the parties, counsel, and the guardian ad litem.
 {¶ 4} On October 11, 2005, appellant's attorney moved the court to withdraw as counsel because "defendant has failed repeatedly to return calls to counsel and counsel's office." Counsel's motion was granted on October 24, 2005.
 {¶ 5} On November 8, 2005, the magistrate issued a decision relating to an outstanding motion filed by appellee. The decision closed with another reminder that trial was scheduled on November 21, 2005 and December 19, 2005. The Clerk mailed a copy of the decision to the parties and appellee's attorney.
 {¶ 6} On November 18, 2005, the guardian ad litem filed a "Joint Motion to Convert November 21, 2005 Trial Date to Mediation Session." In her motion, the *Page 3 
guardian ad litem noted that appellee consented to the mediation; however, "Defendant has not responded to the correspondences and telephone calls from the Guardian ad litem." On the same day, the magistrate granted the motion to convert. Within his order, the magistrate underscored that trial would commence on December 19, 2005 "as has been previously scheduled." A copy of the order was sent to the parties, appellee's attorney, and the guardian ad litem.
 {¶ 7} Trial took place on December 19, 2005 as scheduled. Present were appellee, his attorney, and the guardian ad litem. Appellant neither appeared nor moved for a continuance.[1] That same day, the magistrate filed his order, stating: "After hearing the testimony, the argument of counsel, and the recommendation of the Guardian ad litem, and in the best interest of the minor child, father shall be the custodial parent of the minor child, Austin T. Ball."
 {¶ 8} On December 29, 2005, appellant, via newly retained counsel, filed objections to the magistrate's order alleging she was never notified of the December 19, 2005 hearing and therefore the magistrate's order should be rejected. As appellant's objection was procedural rather than substantive, it did not challenge the factual foundations or legal conclusions of the magistrate. A hearing on appellant's objections took place on March 9, 2006. On March 17, 2006, the trial court overruled appellant's objections and adopted the magistrate's decision. The trial court determined appellant's reasons for being absent were not credible given the evidence in the record illustrating *Page 4 
she was on notice of the trial date as well as her general "lack of effort and concern for Court attendance, response to and respect for Court orders."
 {¶ 9} Appellant now appeals and raises one assignment of error for our review:
 {¶ 10} "The court erred and committed an abuse of discretion when it failed to allow mother an oppurtunity [sic] to defend her parental rights and responsibilities."
 {¶ 11} An appellate court reviews a trial court's adoption of a magistrate's decision for an abuse of discretion. In re Simkins, 11th Dist. No. 2002-T-0173, 2003-Ohio-1884, at ¶ 10. In this matter, the appellate record contains no transcript of the hearing on appellant's objection. "An appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion."State ex rel. Duncan v. Chippewa Township Trustees, 73 Ohio St.3d 728,730, 1995-Ohio-272. Therefore, we will not disturb the judgment of the trial court unless the manner in which it applied the law to the facts before it was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} We first point out that appellant's formal objection did not relate to the substantive determinations of the magistrate. Appellant's objection was limited in its scope to her allegation that the court and/or its clerk failed to provide her with sufficient notice of the December 19, 2005 trial. Therefore, the vehicle which preserved the instant appeal was not a true objection to the magistrate's decision, but an objection to the court's alleged violation of her right to due process.[2] *Page 5 
 {¶ 13} With this in mind, appellant asserts the trial court abused its discretion in failing to reject the magistrate's decision and order a new hearing so she might attend and defend her interests. Appellant asserts she had no notice of the hearing and therefore was despoiled of her ability to protect her rights. Appellant's argument is premised upon the magistrate's failure to sua sponte continue the hearing upon recognition of her absence.
 {¶ 14} Appellant's argument is facially flawed because she never moved the court to continue the matter. Rather, appellant simply failed to appear at the hearing without any communication with the court. Significantly, appellant's argument and citations in support all address situations in which a party either moved for a continuance or contacted the court in writing seeking a postponement of proceedings. SeeState v. Unger (1981), 67 Ohio St.2d 65, 67; In re Zak, 11th Dist. Nos. 2001-L-216, 2001-L-217, and 2001-L-218, 2003-Ohio-1974; DeFranco v.DeFranco, 11th Dist. No. 2000-L-147, 2001-Ohio-4338; In re Dietrich
(Dec. 12, 1997), 11th Dist. No. 96-G-2020, 1997 Ohio App. LEXIS 5561. Without a motion for continuance or something akin to the same, a trial court has nothing on which it might premise a ruling. A trial court is under no obligation to continue a matter sua sponte and can only grant a continuance where a litigant so solicits. See Sams v. Carlson (Nov. 6, 1998), 1st Dist. No. C-971068, 1998 Ohio App. LEXIS 5287, *4-*5; see, also, State v. Gumm, 73 Ohio St.3d 413, 428, 1995-Ohio-24. Under the circumstances, we do not agree with appellant's argument.
 {¶ 15} That said, we must review whether the record supports the trial court's decision to overrule appellant's objection. As indicated above, appellant provided no transcript of the March 9, 2005 hearing. App.R. 9(C) mandates that the party *Page 6 
challenging the trial court's decision prove the alleged error through reference to the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. It is incumbent upon an appealing party to provide a record of the lower court's proceedings from which his or her assigned errors emanate. Kistler v. Kistler, 11th Dist. No. 2003-T-0060,2004-Ohio-2309, at ¶ 23. Because the record contains neither a transcript of the hearing nor some acceptable alternative under App.R. 9, our review is confined only to those matters which are contained in the record before us. See, e.g., Ostrander v. Parker-Fallis InsulationCo. (1972), 29 Ohio St.2d 72, 74.
 {¶ 16} In its March 17, 2006 judgment entry, the trial court stated:
 {¶ 17} "The Court has had an opportunity to review the entire folder presented by Defendant, which folder contains virtually all of the notices, decisions and orders issued by this Court with the exception of any of the four documents which contain the trial date of December 19, 2006. These are the notice of the December 19, 2005 trial sent August 17, 2006, the Magistrate's Order filed September 16, 2005 stating that the trial is scheduled for December 19, 2005, the Magistrate's Order filed November 8, 2005 stating that the Motion for sanctions will be heard at the final trial scheduled for December 19, 2005, and the Magistrate's order filed November [1]8, 2005 stating that the matter shall proceed to trial on December 19, 2005. The Court finds it inconceivable that those specific notices were not received by Defendant while the others were.
 {¶ 18} "On August 17, 2005, the Assignment Clerk of this Court issued three notices, the first being notice of a first full day of trial scheduled for Monday, November 21, 2005, the second being for the second full day of trial scheduled for Monday, December 19, 2005, and the third being for a final pretrial scheduled for September 16, *Page 7 
2005. This Court's policy is that, for financial economy, when several notices are generated at the same time for the same case, that they be mailed in the same envelope. There is no reason to believe that this policy was not followed on this date; however, Defendant testified that she received the other two notices but not the one for December 19th.
 {¶ 19} "Defendant also testified that she was at the hearing on September 16, 2005, which was the pretrial previously mentioned, but that she did not receive a copy of the Magistrate's Order of that date, which Order set forth the date of the trial, even though the order has thereon a certificate of mailing to both parties and counsel, including Defendant.
 {¶ 20} "On November 18, 2005, a Magistrate's Order was filed addressing a joint motion, which Order contained a statement that the `matter shall proceed to trial on December 19, 2005 as has been previously scheduled.' Defendant testified that she did not receive a copy of that Order even though there is a certificate of mailing endorsed thereon by a clerk of this Court indicating that the document was mailed to her.
 {¶ 21} "In addition, a Magistrate's order filed November 8, 2005 also contained a statement regarding the `final trial currently scheduled on November 21, 2005 and December 19, 2005', and also contains a certificate by a clerk of this Court that it was mailed to Defendant.
 {¶ 22} "* * *
 {¶ 23} "In consideration of all of the above, the Court finds Defendant's testimony not credible regarding receipt of hearing notices, specifically, the testimony that she received all of the notices and orders from this Court except those pertaining to the *Page 8 
December 19, 2005 hearing. The Court finds that the Defendant was notified of the trial and for whatever reason chose not to attend, and as a result of her non-attendance, the Magistrate found against her."
 {¶ 24} The major issue before the trial court was whether appellant received sufficient notice of the hearing such that the magistrate could properly proceed with an ex parte hearing on the merits of appellee's motion for reallocation of parental rights. The trial court determined notice was adequate and appellant's reasons for failing to appear were not credible.
 {¶ 25} Before considering appellant's assertions, we first point out that the trial court had personal jurisdiction over appellant and therefore the magistrate's decision was voidable, but not void. Service of process or a defendant's voluntary appearance are independently sufficient to confer upon a court jurisdiction over a person. Mayhew v.Yova (1984), 11 Ohio St.3d 154, 156. Here, appellee perfected personal service on appellant, appellant made voluntary appearances, and she filed various pleadings in the underlying matter. The court had personal jurisdiction over appellant and thus the magistrate could properly render a valid decision in the ex parte hearing.[3] We may therefore move forward and address appellant's due process challenge.
 {¶ 26} "An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."Mullane v. Central Hanover Bank Trust Co. (1950), 339 *Page 9 
U.S. 306, 314. Moreover, both the Fourteenth Amendment to the United States Constitution and Section 16, Art. I of the Ohio Constitution guarantee due process of law, and thus assure "a reasonable opportunity to be heard after a reasonable notice of such hearing." State ex rel.Allstate Ins. Co. v. Bowen (1936), 130 Ohio St. 347, paragraph five of the syllabus.
 {¶ 27} Courts have discussed the notice requirements for defending parties who have filed a responsive pleading but have failed to appear for trial. In such situations, "the defendant is only entitled to reasonable notice of the hearing date." In Re Crabree, 1st Dist. No. C-010290, 2002-Ohio-1135, 2002 Ohio App. LEXIS 1156, *6 citing, OhioValley Radiology, supra, at 123-125. In this respect, "* * * while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of the fact." Id. at 124.
 {¶ 28} The record reveals appellant was present at each of the first four pretrials. Appellant was accordingly abreast of the gravity of the matter which was before the court, viz., the possible relinquishment of status as custodial parent of parties' child. Moreover, the record indicates the final trial date was explicitly discussed at the final two pretrials. The Clerk also mailed copies of documents explicitly referencing the final trial date on at least four separate occasions: August 17, 2004, September 16, 2004, November 8, 2004, and November 18, 2004. Finally, the date of trial was journalized in the trial court's docket pursuant to the November 8, 2004 and November 18, 2004 notices. We therefore hold the trial court did not abuse its discretion in overruling appellant's due process objection. If not actual notice, appellant received reasonable constructive notice of the final trial as well as a hearing during which the court was able *Page 10 
to assess the credibility of her assertions. In our estimation, the court's efforts were sufficient to meet the dictates of due process pursuant to Ohio Valley Radiology, supra .
 {¶ 29} A review of the available appellate record confirms the factual accuracy of the trial court's findings; namely, each of the documents and/or entries alluded to in the judgment entry indicate that appellant was sent a copy of each and was ostensibly notified. We find no error in the trial court's determination. Appellant's assignment of error is therefore overruled.
 {¶ 30} For the reasons set forth above, appellant's sole assignment of error is overruled and the decision of the Lake County Court of Common Pleas, Juvenile Division is therefore affirmed.
DIANE V. GRENDELL, J., concurs in judgment only, COLLEEN MARY OTOOLE, J., dissents.
[1] A transcript of the December 19, 2005 hearing was filed with this court on May 22, 2006. However, because the trial court did not possess a copy of the magistrate's ex parte proceeding, we may not entertain the evidence adduced at that hearing.
[2] Appellant's objection was silent as to the magistrate's factual findings and substantive legal conclusion (that it was in the child's best interest for appellee to become the custodial parent). The trial court did not address this issue and neither shall we.
[3] The Supreme Court of Ohio has observed: "The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence." Ohio Valley Radiology Associates, Inc. v. OhioValley Hosp. Assn. (1986), 28 Ohio St.3d 118, 122. *Page 1