OPINION
{¶ 1} Defendant-Appellant Michela Huth appeals the November 13, 2006 Judgment Entry entered by the New Philadelphia Municipal Court, which approved and adopted the Magistrate's November 9, 2006 Decision. Plaintiff-appellee is OSI Funding Corporation ("OSI").
 STATEMENT OF THE CASE AND FACTS {¶ 2} On March 18, 2002, OSI filed a Complaint in the New Philadelphia Municipal Court for money due on a MasterCard account issued to Appellant. Service of Summons on the Complaint was sent via certified mail to Appellant at P.O. Box 17, Bolivar, Ohio. The post office box belongs to Appellant's parents. On March 20, 2002, the certified mail receipt was returned to the Clerk's Office. The receipt was signed "Kay V. Huth".
 {¶ 3} Appellant failed to appear, answer, or otherwise defend. OSI filed a motion for default judgment. The Clerk of Courts served the motion on Appellant at the above referenced P.O. Box. The postal service did not return the motion as unclaimed or undeliverable. On June 18, 2002, the trial court granted judgment in favor of OSI, and against Appellant in the amount of $4,837.20, plus interest.
 {¶ 4} In late 2002, Appellant apparently learned about the default judgment, but took no action until September 7, 2006, when she filed a Motion to Vacate Void Judgment. The magistrate denied the motion on November 9, 2006. The magistrate found Appellant failed to demonstrate her motion was timely and failed to establish she was otherwise entitled to relief from judgment. The magistrate noted Appellant never denied knowing a "Kay Huth"; never denied owning or using the Bolivar P.O. Box; never *Page 3 
denied receiving any mail from that P.O. Box; and never denied receiving the Service of Summons and Complaint. The magistrate concluded the judgment was valid, and Appellant could not avail herself of the remedies provided in Civ. R. 60(B). The magistrate's decision notified Appellant she had 14 days in which to file objections.
 {¶ 5} The trial court approved and adopted the magistrate's decision on November 13, 2006, indicating the timely filing of written objections "shall operate as an automatic stay of the execution of this Judgment until the Court disposes of these objections * * *."
 {¶ 6} On November 28, 2006, Appellant filed a motion for an extension of time to file objections. Appellant filed her objections on November 30, 2006. Appellant filed a Notice of Appeal on December 12, 2006. The trial court scheduled a hearing on Appellant's objections for February 2, 2007. However, the trial court continued the hearing pending disposition of this appeal.
 {¶ 7} It is from the November 13, 2006 Judgment Entry Appellant appeals, raising the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S MOTION TO STAY MUNICIPAL COURT PROCEEDINGS PENDING APPEAL, AS THE TRIAL COURT'S JUDGMENT ENTRY ADOPTING THE MAGISTRATE'S DECISION BECAME A FINAL APPEALABLE ORDER UPON THE FILING OF UNTIMELY OBJECTIONS.
 {¶ 9} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADOPTING A FACIALLY DEFECTIVE MAGISTRATE'S DECISION WHICH FAILED TO *Page 4 
INCLUDE THE STATUTORY `WAIVER RULE' LANGUAGE REQUIRED BY AMENDED CIVIL RULE 53(D)(3)(a)(iii).
 {¶ 10} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BECAUSE IT FAILED TO SERVE APPELLANT NO LATER THAN THREE DAYS AFTER THE MAGISTRATE'S DECISION WAS FILED, AS REQUIRED BY CIV. R. 53(D)(3)(a)(iii), CAUSING APPELLANT TO FILE UNTIMELY OBJECTIONS TO THE MAGISTRATE'S DECISION.
 {¶ 11} "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DELAYING THE FILING OF HER NOTICE OF APPEAL, UNTIL THE DAY AFTER RECEIPT OF THESE DOCUMENT [SIC] AND BY FILING A JUDGMENT ENTRY (ORDERING APPELLANT TO APPEAR IN COURT FOR AND ORAL HEARING ON DEFENDANT'S WRITTEN OBJECTIONS TO OVERRULED AND DISMISSED MOTION TO VACATE VOID JUDGMENT) TWENTY-ONE MINUTES AFTER RECEIPT OF HER NOTICE OF APPEAL.
 {¶ 12} "V. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ADOPTED THE MAGISTRATE'S DECISION DESPITE THE FACT THAT APPELLANT WAS DENIED THE RIGHT TO NOTICE OF THE LAWSUIT AND SERVICE OF PROCESS WAS NOT ACCOMPLISHED IN A MANNER REASONABLY CALCULATED TO APPRISE HER OF THE PENDENCY OF THE ACTION, AS PRESCRIBED BY THE `DUE PROCESS' CLAUSE OF THEFOURTEENTH AMENDMENT OT THE UNITED STATES CONSTITUTION AND EMBODIED IN ARTICLE I, SECTION 16 OF THE CONSTITUTION OF OHIO. *Page 5 
 {¶ 13} "VI. THE TRIAL COURT'S DEFAULT JUDGMENT IS VOID AB INTIO FOR LACK OF JURISDICTION AND IT COMMITTED PREJUDICIAL ERROR WHEN IT ADOPTED THE MAGISTRATE'S DECISION, WHICH DENIED APPELLANT'S UNOPPOSED MOTION TO VACATE VOID JUDGMENT."
 I {¶ 14} In her first assignment of error, Appellant contends the trial court's November 13, 2006 Judgment Entry, approving and adopting the magistrate's decision is a final, appealable order pursuant to R.C. 2502.20.
 {¶ 15} In the Judgment Entry Adopting Magistrate's Decision, the trial court stated, in toto:
 {¶ 16} "Pursuant to Civil Rule 53, and after an independent review of the record, IT IS ORDERED that the above Magistrate's Decision is APPROVED AND ADOPTED in its entirety as the Order of this Court. The filing of timely written objections to the Decision shall operate as an automatic stay of the execution of the Judgment until the court disposes of these objections and thereby vacates, modifies, or affirms or affirms the Judgment previously entered."
 {¶ 17} Appellant asserts her filing of untimely objections did not trigger the tolling provisions of App. R. 4(B)(2), nor did it effectuate a Civ. R. 53(D)(4)(e)(i) stay of execution of judgment. We agree. The judgment was final on November 13, 2006. The timely filing of objections acts to stay execution of the judgment and tolls the time period in which to file a timely notice of appeal. The timely filing of objections does not change the nature of the judgment as being final. Once Appellant filed her timely notice *Page 6 
of appeal of the November 13, 2006 Judgment Entry, the trial court lost jurisdiction to entertain her objections, absent a remand from this Court for that purpose.
 {¶ 18} Appellant's first assignment of error is sustained. Given our disposition of Appellant's second assignment of error, infra, we find the trial court's judgment is stayed by operation of Civ. R. 53, pending disposition of Appellant's objections.
 II {¶ 19} In her second assignment of error, Appellant maintains she did not waive her right to appeal because the magistrate's decision was facially defective. Appellant explains the magistrate's decision did not include the statutory waiver language as required by Civ. R. 53(D)(3)(a)(iii).
 {¶ 20} Civ. R. 53(D)(3)(a)(iii) provides:
 {¶ 21} "(iii) Form; filing and service of magistrate's decision. * * * A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(iii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."
 {¶ 22} In her November 9, 2006 Decision, the magistrate advised:
 {¶ 23} "NOTICE: WRITTEN OBJECTIONS TO THIS DECISION MUST BE FILED WITHIN FOURTEEN DAYS OF THE FILING DATE OF THIS DECISION. THE OBJECTIONS MUST BE SPECIFIC AND STATE WITH PARTICULARITY THE GROUNDS OF THE OBJECTIONS. IF YOU OBJECT TO A FINDING OF FACT, A *Page 7 
COPY OF THE TRANSCRIPT MUST BE PROVIDED TO THE COURT PRIOR TO CONSIDERATION OF THE OBJECTIONS."
 {¶ 24} OSI counters the absence of Civ. R. 53(D)(3)(a)(iii) language does not render the magistrate's decision "facially defective". OSI notes there is no Ohio case law supporting this proposition, however, case law exists which states a magistrate must include the warning and if a party is later surprised by the waiver of her argument because she did not file objections, such issue may be addressed on appeal. OSI cites Mix v. Mix, infra, in support of its position. OSI adds Appellant is a former law school student and is well acquainted with Ohio law; therefore, she should have known her failure to file timely objection would result in a waiver on appeal, and cannot argue surprise.
 {¶ 25} On July 1, 2003, Civ.R. 53(E)(2) was amended to add the above quoted language. The Staff Note to amended Rule 53(E) reads:
 {¶ 26} "The amendment adds a new sentence to Civ.R. 53(E)(2), which sentence requires that a magistrate who files a decision which includes findings of fact and conclusions of law also provide a conspicuous warning that timely and specific objection * * * is necessary to assign as error on appeal adoption by the trial court of any finding of fact or conclusion of law[.]" (Emphasis added).
 {¶ 27} In adopting the amended rule, the Rules Advisory Committee learned both counsel and pro se litigants were often surprised by the waiver rule, particularly when a trial court adopts the magistrate's decision prior to the expiration of the fourteen day period authorized for the filing of objections. See, Mix v. Mix, Portage App. No. 2003-P-0124, 2005-Ohio-4207. *Page 8 
 {¶ 28} The instant action represents the exact scenario which prompted the Rules Advisory Committee to recommend the amendment. We refuse to preclude Appellant from the protections of the rule based upon her prior life as a law student. The language is mandatory and the absence of this language from the Magistrate's Decision warrants reversal of the trial court's approval and adoption of such.
 {¶ 29} Appellant's second assignment of error is sustained.
 III, IV, V, VI {¶ 30} In light of our disposition of Appellant's first and second assignments of error, we find Appellant's remaining assignments of error moot as being premature.
 {¶ 31} The judgment of the New Philadelphia Municipal Court is vacated, and the matter remanded for hearing on Appellant's objections.
 Hoffman, J. Gwin, P.J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court is vacated and the matter remanded for hearing on Appellant's objections. Costs assessed to appellee. *Page 1