{¶ 15} On July 1, 2003, Civ. R. 53 (D)(3) was amended to provide:
 {¶ 16} "(iii Form; filing and service of magistrate's decision. * * * A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53 (D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53 (D)(3)(b)."
 {¶ 17} The 2003 Staff Notes appended to the Rule set out the reason Civ. R. 53 was amended. "It was suggested to the Rules Advisory Committee that the waiver rule * * * sometimes surprised counsel and pro selitigants because they did not expect to be required to object to afinding of fact or conclusion of law in a magistrate's decision in orderto assign its adoption by the trial court as error on appeal. * * * It wasfurther suggested that counsel or a pro se litigant was particularlylikely to be surprised by the waiver rule * * * if a trial court * * * adopteda magistrate's decision prior to expiration of the fourteen dayspermitted for the filing of objections. * * *[T}he amendment * * * requires the [magistrate's] decision * * * provide a conspicuous warning * * *" (emphasis added.)
 {¶ 18} The magistrate to whom the matter was referred issued a general decision on August 2, 2007. Neither party here requested findings of fact and conclusion of law. The magistrate's decision does not contain the required warning of the waiver rule.
 {¶ 19} The trial court entered judgment on the magistrate's decision the day after it was issued. The judgment entry states it is a final appealable order and also states: *Page 6 
"The Court determines that there is no error of law or other defect on the face of the Magistrate's Decision." This finding is patently incorrect. The magistrate's decision is defective on its face as a matter of law.
 {¶ 20} In OSI Funding Corporation v. Huth, Tuscarawas App. No. 06AP120069, 2007-Ohio-5292, this court held a trial court should not approve and adopt a magistrate's decision if it lacks the mandatory language. We reasoned:
 {¶ 21} "The instant action represents the exact scenario which prompted the Rules Advisory Committee to recommend the amendment. * * * The language is mandatory and the absence of this language from the Magistrate's Decision warrants reversal of the trial court's approval and adoption of such." Huth, paragraph 28.
 {¶ 22} Here the magistrate did not include the mandatory language. While the trial court was required to state its judgment was a final appealable order, this language in the entry only one day later may have led appellant to believe his next step must be an appeal to this court. Now we add our own "gotcha" by enforcing the waiver rule rather than addressing the underlying problem, because appellant did not assign this as error before us. These circumstances are exactly what the Rules Advisory Committee and the Ohio Supreme Court tried to prevent. *Page 7 
 {¶ 23} I would hold the trial court erred as a matter of law in approving and adopting the magistrate's decision because it did not comply with the Rule. I would reverse the court's decision. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court is affirmed. Costs assessed to Appellant. *Page 1