[Cite as *In re K.E.*, 2014-Ohio-4111.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re K.E., A.E., D.E., J.E.

Court of Appeals Nos. E-14-001
E-14-002
E-14-003
E-14-004

Trial Court Nos. 2012-JD-0032
2012-JD-0033
2012-JD-0034
2012-JD-0035

**DECISION AND JUDGMENT**

Decided: September 19, 2014

* * * * *

J. Michael Salmon, for appellant.

Kevin J. Baxter, Erie County Prosecuting Attorney, and Mary Ann
Barylski, Assistant Prosecuting Attorney, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, G.E., appeals from an order of the Erie County Court of Common Pleas, Juvenile Division, terminating an order of protective supervision. For the foregoing reasons, we reverse and remand.

**{¶ 2}** Appellant sets forth the following assignments of error:

I. Appellant was denied his constitutional due process rights under the Fourteenth Amendment to the US Constitution and Article 1, Section 16 of the Ohio Constitution when the trial ruled on motions without a hearing or proper waiver of such. (See T. pages 5, line 6-10)

II. Appellant received ineffective assistance of counsel in the trial court.

**{¶ 3}** The relevant facts of this case are as follows. On November 20, 2012, the Erie County Department of Job and Family Services ("ECDJFS") filed four complaints, pursuant to R.C. 2151.27, alleging that minors K.E., A.E., D.E. and J.E. were dependent children. ECDJFS requested protective supervision over the children, citing their mother's mental health problems. Appellant is the biological father of the children who was not living with the family.

**{¶ 4}** The court granted ECDJFS protective supervision of the children on November 21, 2012. Both parents were granted supervised visitation with the children at ECDJFS, pending further order of the court. An adjudication hearing was scheduled for January 25, 2013. On that date, both parents consented to a finding that the children were dependent. Following a dispositional hearing on May 31, 2013, temporary custody of the children was awarded to ECDJFS. A dispositional review hearing was scheduled for September 6, 2013.

2.

{¶ 5} On August 15, ECDJFS filed a motion to terminate temporary custody of the children, to return custody of the children to mother, and to grant ECDJFS protective supervision of the children.

{¶ 6} A hearing was held on September 6, 2013. After hearing testimony, the court decided to grant ECDJFS's motion. The court stated: "[I] find the mom is actually compliant with her case plan and there's really no reason for us to drag out not returning the children * * *."

{¶ 7} On September 13, 2013, ECDJFS filed a "motion to amend case plan." The reason for amending the case plan was that the children were reunified with mother and that there was a legal status change, specifically, that ECDJFS had obtained protective supervision of the children.

{¶ 8} The record shows that another dispositional hearing was scheduled for December 13, 2013. Appellant filed a motion to continue the hearing due to his counsel's unavailability on said date.

{¶ 9} Before that could happen, on October 13, 2013, ECDJFS filed a motion to terminate protective supervision of the children, effectively closing the case. ECDJFS cited mother's completion of her case plan. The court granted the motion, without a hearing, on November 6, 2013. The court also denied appellant's motion for a continuance citing the closure of the case.

{¶ 10} In his first assignment of error, appellant contends his due process rights were violated when the court granted ECDJFS's two motions without hearings.

3.

{¶ 11} "Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, parties are entitled to reasonable notice of judicial proceedings and a reasonable opportunity to be heard." *Amir v. Werner*, 9th Dist. Summit No. 26174, 2012-Ohio-5863, ¶ 9.

{¶ 12} The first motion appellant addresses is ECDJFS's motion to terminate temporary custody of the children, to return custody of the children to mother, and to grant ECDJFS protective supervision of the children. The record shows that appellant received a notice in August 2013 which stated:

> Notice is hereby given that the motion to return custody * * * to mother, pursuant to Revised Code Section 2151.415 shall come on for hearing at 9:30 am on September 6, 2013.

{¶ 13} Appellant appeared at the hearing with counsel. His counsel objected to the termination of temporary custody and asked for another hearing. The court gave counsel an opportunity to argue his position. In addition, the court heard from the court appointed special advocate ("CASA") who also opposed the termination of temporary custody. After hearing the testimony, the court granted ECDJFS's motion, which specifically asked for mother to receive custody. We find no violation of due process in this instance.

{¶ 14} Appellant also points to the fact that at a certain point in the hearing, the court stated that "today is not a dispositional review." This merely appears to be a harmless misstatement by the court given that the judgment entry is specifically labeled

4.

"disposition" and the fact that the court clearly made a decision on the disposition of the children.

{¶ 15} The second motion appellant addresses is ECDJFS's motion to terminate protective supervision and for mother to retain custody of the children.

{¶ 16} R.C. 2151.417(B) provides for continuing jurisdiction over a child, and authorizes the court to amend a dispositional order in accordance with R.C. 2151.353(E)(2). R.C. 2151.353(E)(2) requires that the court "shall hold a hearing upon the motion as if the hearing were the original dispositional hearing and shall give all parties to the action and the guardian ad litem notice of the hearing pursuant to the Juvenile Rules."

{¶ 17} We agree with appellant that the court erred in amending the September 6 dispositional order, on November 6, without a hearing, as required by R.C. 2151.353(E)(2). Accordingly, appellant's first assignment of error is found well-taken.

{¶ 18} In his second assignment of error, appellant contends he was denied effective assistance of counsel. It is well-established that claims of ineffective assistance of counsel are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984). In order to prove ineffective assistance of counsel, appellant must demonstrate both that the performance of trial counsel was defective and that, but for that defect, the outcome would have been different. *Id*. at 687.

{¶ 19} Appellant contends that his counsel was ineffective in failing to file a motion for custody and for failing to object to the motions filed by ECDJFS. We

5.

disagree. Appellant was represented throughout the proceedings and his counsel did object to the termination of protective supervision. Accordingly, we do not find that he was denied effective assistance of counsel. Appellant's second assignment of error is found not well-taken.

{¶ 20} On consideration whereof, the judgment of the Erie County Court of Common Pleas, Juvenile Division, is reversed and remanded for purposes of hearing pursuant to R.C. 2151.353(E)(2). Costs of this appeal are assessed to appellee pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                _____
                                                    JUDGE
Stephen A. Yarbrough, P.J.     

                                             _____
James D. Jensen, J.                                      JUDGE
CONCUR.

                                             _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.