[Cite as *Amir v. Werner*, 2012-Ohio-5863.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| FRED AMIR | | C.A. No.     26174 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JERRY WERNER | | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     2011 CVF 02042 |

DECISION AND JOURNAL ENTRY

Dated: December 12, 2012

---

MOORE, Judge.

{¶1}   Defendant, Jerry Werner, appeals from the judgment of the Stow Municipal Court.   This Court reverses.

I.

{¶2}   On June 14, 2011, Fred Amir filed a complaint against Mr. Werner, setting forth claims for breach of contract and unjust enrichment.   The complaint was served by certified mail upon Mr. Werner at an address on Ferguson Drive.   Mr. Werner answered the complaint. Thereafter, the trial court through a Magistrate's Order dated July 27, 2011, scheduled the matter for a pre-trial hearing on September 8, 2011, and set a trial date of October 27, 2011.   The Magistrate's Order contained an admonition that "[f]ailure to comply with any of the provisions of this Pre-Trial Order or failure to attend the pretrial may result in sanctions to the defaulting party, up to and including the dismissal of their claims, or permitting the Plaintiff to proceed with the case on the merits, ex parte, pursuant to [Stow Municipal Court] Rule [("Loc.R.")]

16(G)(ii)." At the bottom of the order, the names of Mr. Amir's attorney and Jerry Werner were listed on "cc." lines.

{¶3} Thereafter, the trial court issued a Magistrate's Decision indicating that Mr. Werner did not appear at the pre-trial, and the court, pursuant to Loc.R. 16(G)(ii), permitted Mr. Amir to proceed with the case on its merits. The magistrate concluded that the evidence presented by Mr. Amir established that Mr. Werner breached an oral contract with Mr. Amir, resulting in damages of $6,300.00, and the magistrate recommended judgment against Mr. Werner accordingly.

{¶4} Mr. Werner filed an objection to the magistrate's decision in which he argued that he did not receive notice of the pre-trial. On October 17, 2011, the trial court overruled Mr. Werner's objections, determining that "The Order indicates that the Plaintiff and Defendant were each sent a copy and the record indicates the copies were received." The trial court further determined that because the pre-trial date was "recorded in the case's computerized record," "its entry onto the docket serve[d] as sufficient constructive notice and provide[d] the parties with due process." The trial court then adopted the magistrate's decision.

{¶5} After retaining counsel, Mr. Werner filed a Civ.R. 60(B) motion to vacate the October 17, 2011 judgment entry and filed a notice of appeal from the October 17, 2011 entry. This Court granted Mr. Werner a stay and remanded the matter to allow the trial court to resolve the outstanding Civ.R. 60(B) motion. The stay and a subsequent continuation of the stay have expired absent any action by the trial court as to the Civ.R. 60(B) motion, and we will now address Mr. Werner's sole assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [MR. WERNER]'S OBJECTION TO THE MAGISTRATE'S DECISION OF SEPTEMBER 12, 2011 BY FAILING TO HOLD A HEARING CONCERNING LACK OF NOTICE OF THE PRETRIAL AND/OR FAILING TO IMPOSE LESSER SANCTIONS FOR [MR. WERNER]'S FAILURE TO APPEAR AT THE PRETRIAL.

{¶6} In his sole assignment of error, Mr. Werner argues that the trial court erred in overruling his objections to the magistrate's decision. We agree.

{¶7} In its October 17, 2011 order overruling the objections, the trial court concluded that it had sent Mr. Werner notice of the pre-trial hearing to "his address of record," and that, in any event, constructive notice of the pre-trial hearing had been provided to Mr. Werner by virtue of the trial court's posting of the hearing date on its docket.

{¶8} Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. No. 24150, 2008-Ohio-5232, ¶ 9. However, we do so "with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Here, Mr. Werner's "formal objection did not relate to the substantive determinations of the magistrate. [Mr. Werner's] objection was limited in its scope to [his] allegation that the court and/or its clerk failed to provide [him] with sufficient notice of the [ ] trial. Therefore, the vehicle which preserved the instant appeal was not a true objection to the magistrate's decision, but an objection to the court's alleged violation of [his] right to due process." *Lambert v. Hilbish*, 9th Dist. No. 25017, 2010-Ohio-2738, ¶ 6, quoting *Schilling v. Ball*, 11th Dist. No.2006-L-056, 2007-Ohio-889, ¶ 12.

{¶9} Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, parties are entitled to reasonable

notice of judicial proceedings and a reasonable opportunity to be heard. *Ohio Valley Radiology Assocs. Inc. v. Ohio Valley Hosp. Ass'n*, 28 Ohio St.3d 118, 125 (1986), quoting *State, ex rel. Allstate Ins. Co. v. Bowen*, 130 Ohio St. 347, paragraph five of the syllabus (1936). "The Supreme Court of the United States [has] held that '[a]n elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *PHH Mtge. Corp. v. Prater*, 133 Ohio St.3d 91, 2012-Ohio-3931, ¶ 9, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

{¶10} In regard to Mr. Werner's argument that he did not receive actual notice of the pre-trial order, which contained the date of the pretrial and the admonition regarding his failure to appear, we cannot discern the basis for the trial court's determination that Mr. Werner had received the order at his address of record.

{¶11} The pretrial order contains Mr. Werner's name at the bottom of the order on a "cc." line. From this, it may be reasonable to infer that the trial court forwarded a copy of the order to Mr. Werner. However, the trial court further determined that the record demonstrated that Mr. Werner *received* the order. Yet, Mr. Werner's address was not listed upon the order, there is no instruction to the clerk to mail to him a copy of the order, there is no entry in the docket setting forth that the order was mailed to him, and the court held no evidentiary hearing to determine if notice had been received. Moreover, Mr. Werner specifically refuted having received the magistrate's pre-trial order in his objection to the magistrate's decision. *Compare Kalail v. Dave Walter, Inc.*, 9th Dist. No. 22817, 2006-Ohio-157, ¶ 14 (trial court abused its discretion in overruling objections to magistrate's decision where "file contained several

documents indicating Appellant did not receive proper notice," including affidavit of Appellant's counsel setting forth that notice of hearing was not received.)

{¶12} Therefore, as we cannot discern a basis for the trial court's conclusion that the pretrial order was forwarded to Mr. Werner, it appears that the trial court presumed that Mr. Werner received the order based upon the inclusion of his name on the order's "cc." line. However, the application of such a presumption, which has commonly been referred to as "the mailbox rule," is inappropriate in the case at bar. As the Sixth Circuit has explained, "The common law has long recognized a presumption that an item properly mailed was received by the addressee," however this presumption does not arise unless there exists "proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." (Citations omitted.) *In re: Yoder Co.*, 758 F.2d 1114, 1118 (6th Cir.1985); *Blackburn Sec., Inc. v. Ohio Dept. of Commerce*, 2d Dist. No. 13660, 1993 WL 179253, *3 (May 24, 1993). Here, no such proof exists in the record.

{¶13} Therefore, as we cannot discern the basis for the trial court's determination that Mr. Werner received actual notice of the magistrate's order which contained a notice of the pretrial hearing, we conclude that the trial court's decision overruling Mr. Werner's objection in this regard was an abuse of discretion. *See Lambert* at ¶ 6.

{¶14} Next, in regard to Mr. Werner's purported "constructive notice" of the hearing, the Ohio Supreme Court has held "that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact." *Ohio Valley Radiology Assocs., Inc.* at 124; *see also Britt v. Miskovic*, 9th Dist. No. 25142, 2010-Ohio-4637, ¶ 18. However, the viability of this constructive notice rule may be in question in light of the Supreme Court's more recent holding

in *PHH* at syllabus. There, the Ohio Supreme Court held that "[c]onstructive notice by publication to a party with a property interest in a foreclosure proceeding via a sheriff's office website is insufficient to constitute due process when that party's address is known or easily ascertainable." *Id.* Yet, in the present matter, we need not determine the effect of *PHH* on the constructive notice rule recognized in *Ohio Valley Radiology*, because, here the September 28, 2011 hearing date was entered on the docket as a *pre-trial* date. The admonishment that trial could proceed ex parte absent Mr. Werner's appearance at the pre-trial does not appear on the docket. Accordingly, even under the constructive notice rule recognized in *Ohio Radiology*, we cannot conclude that Mr. Werner had constructive notice that *trial* would proceed on September 28, 2011, especially given that a different trial date of October 17, 2011 was entered on the docket. *See Lambert* at ¶ 6 (where online docket displayed incorrect time of trial, docket entry was not "reasonable" notice for purposes of due process). Thus, we cannot say that this method of notice was reasonably designed to inform Mr. Werner that the September 28, 2011 pre-trial hearing date would proceed as an ex parte trial absent his appearance.

III.

{¶15} Accordingly, Mr. Werner's assignment of error is sustained. The judgment of the Stow Municipal Court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

STEVEN L. YASHNIK, Attorney at Law, for Appellant.

ARTHUR AXNER, Attorney at Law, for Appellee.