**[Cite as *Knapp v. Husa*, 2020-Ohio-6987.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

BRADLEY KNAPP

    Appellant

    v.

TOM HUSA

    Appellee

C.A. No.    20CA0019-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    17-CV-0543

DECISION AND JOURNAL ENTRY

Dated: December 31, 2020

SCHAFER, Judge.

{¶1} Appellants, Bradley Knapp, and his counsel Natalie F. Grubb, and Mark E. Owens, and the law firm of Grubb & Associates, LPA appeal the judgment of the trial court granting the motion of Appellee, Tom Husa, and awarding sanctions. For the reasons that follow, this Court affirms.

I.

{¶2} This appeal stems from a transaction involving the sale of a boat between Mr. Knapp and Mr. Husa. Mr. Knapp purchased the boat from Mr. Husa in June 2013, for $12,500.00. At the time of the sale, Mr. Husa disclosed to Mr. Knapp that the boat had been damaged and repaired, but Mr. Knapp was not aware of the full extent of the damage. Mr. Knapp did not experience any issues while he owned the boat. Mr. Knapp then sold the boat in September 2014 to another individual for $13,000.00. The new purchaser of the boat later informed Mr. Knapp of

serious issues with the boat, including structural damage and allegedly faulty or insufficient repair work.

{¶3} This Court previously summarized the underlying facts of this case as follows:

Mr. Knapp filed a complaint on June 5, 2017, naming Mr. Husa and "The Doc Shop" as defendants. The complaint listed causes of action for breach of contract, breach of warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, violation of Ohio consumer sales practices act, negligent construction, negligent misrepresentation, and a claim for unspecified other relief.

Mr. Knapp made several attempts to serve the complaint on Mr. Husa. After Mr. Knapp filed a motion for default judgment, Mr. Husa appeared in the action, sought leave to file an answer, and asserted that, contrary to Mr. Knapp's representations, service had not been accomplished as to either of the named defendants. The magistrate conducted a hearing regarding Mr. Knapp's motion for default judgment. On October 11, 2017, the magistrate issued an order stating that service had not been perfected on either defendant and overruling the motion for default judgment. Further, the magistrate found that Husa and The Doc Shop's pending motions, including the motion for leave to file an answer, were all moot because the "lack of service result[ed] in this matter as having not yet been commenced."

Mr. Knapp next attempted to serve Mr. Husa through a process server. In February 2018, Mr. Knapp moved the trial court pursuant to Civ.R. 4.4 to issue an order allowing service of the complaint to be made by publication. Mr. Knapp sought to serve Mr. Husa and The Doc Shop by publishing a "legal ad notice with the Medina County Gazette." He asserted that, after exercising reasonable diligence, he was otherwise unable to serve Mr. Husa and The Doc Shop. The magistrate issued an order denying Mr. Knapp's motion and advising that there "is no mechanism under the Civil Rules to request the Court to order service by publication," that Mr. Knapp must determine "whether Civ.R. 4.4 and R.C. 2703.14 are applicable to this case," and, if so, follow the proper procedure to effectuate service by publication. In this same order, the magistrate denied Mr. Husa's motion to dismiss the complaint.

On March 20, 2018, Mr. Knapp filed an amended complaint again naming Mr. Husa doing business as The Doc Shop, but not listing The Doc Shop as a separate entity. The amended complaint also named a new defendant, Xanterra Parks & Resorts, Inc., the entity that owns the dock where Mr. Husa works as a mechanic. Mr. Knapp served Xanterra with the complaint. * * *.

Mr. Knapp made several attempts to serve Mr. Husa with the amended complaint. On July 10, 2018, Mr. Knapp submitted notice to the trial court of his filing of an affidavit certifying that the News-Herald published notice to Tom Husa and The Doc Shop for six successive weeks beginning May 29, 2018 and ending July 3,

2018. In the affidavit of publication, affiant Janice Pettit averred that legal notice of the complaint had been circulated in the News-Herald—a newspaper printed and of general circulation in the "Counties of Lake, Geauga, Ashtabula and other districts[.]"

Counsel appeared on behalf of Mr. Husa and, on August 24, 2018, filed an answer, affirmative defenses, and counterclaims in response to the amended complaint. Among the affirmative defenses, Mr. Husa stated that he was not subject to the jurisdiction of the court, venue was not proper, and the process and its service were insufficient. Mr. Husa asserted two causes of action in his counterclaims. The first count alleged abuse of process. Mr. Husa claimed that, despite his ability to do so, Mr. Knapp had failed to perfect residential service on him and instead wrongfully published notice of his claims in a newspaper circulated in Lake and Ashtabula counties—where Mr. Husa resides and conducts business—rather than in Medina County where venue was alleged. Mr. Husa claimed this was a wrongful and malicious abuse of service by publication, perverting the judicial process to harm Mr. Husa's business, and that he suffered actual damage by this wrongful publication. Mr. Husa also asserted a claim for libel, alleging that Mr. Knapp wrongfully and recklessly published false statements about Mr. Husa and The Doc Shop, without privilege to do so, and that the published statements damaged Mr. Husa in his trade or business.

{¶4} Mr. Knapp moved for summary judgment as to Mr. Husa's counterclaims. Mr. Husa also moved for summary judgment as to all claims asserted against him in the complaint. In his motion, Mr. Husa argued that Mr. Knapp could not show that he suffered damages, that each of his claims was filed beyond the applicable statutes of limitation and, therefore, time-barred, and that the trial court lacked jurisdiction over Mr. Husa because the purported service by publication was defective.

{¶5} On April 25, 2019, a magistrate issued a decision recommending that summary judgment be entered in favor of Mr. Husa and all of Mr. Knapp's claims asserted against him in the complaint be dismissed. The magistrate further recommended that summary judgment be entered in favor of Mr. Knapp and Mr. Husa's counterclaims be dismissed. On July 2, 2019, the trial court issued its decision overruling Mr. Knapp's and Mr. Husa's respective objections to the April 25, 2019 magistrate's decision, adopting the magistrate's decision, and entering judgment

consistent with the magistrate's recommendation. Accordingly, the trial court granted summary judgment in favor of Mr. Knapp as to the causes of action set forth against him and dismissed Mr. Husa's counterclaim.

{¶6} Regarding Mr. Husa's motion for summary judgment on Mr. Knapp's complaint, the trial court stated that Mr. Knapp filed his complaint on June 5, 2017, but service was not perfected until September 27, 2018. Because service was not perfected within one year of filing the complaint, the trial court concluded that, pursuant to Civ.R. 3(A), the case had never commenced against Mr. Husa. Still, the trial court went on to find that the statute of limitations had expired as to each cause of action stated against Mr. Husa in Mr. Knapp's complaint. Therefore, the trial court granted Mr. Husa's motion for summary judgment and dismissed all claims against Mr. Husa in the amended complaint.

{¶7} On July 26, 2019, the trial court granted Xanterra's motion for summary judgment, entered judgment in favor of Xanterra and against Mr. Knapp, and dismissed all of Mr. Knapp's remaining claims. Then, on August 23, 2019, Mr. Husa appealed the trial court's judgment entry dismissing his counterclaims. Also on August 23, but after the notice of appeal had been filed, the magistrate issued two separate decisions: one denying a motion Mr. Husa filed seeking sanctions pursuant to Civ.R. 37(A)(5), and the other denying Mr. Knapp's motion for sanctions against Mr. Husa's counsel pursuant to Civ.R. 11 and R.C. 2323.51. On August 26, 2017, Xanterra and Mr. Husa, respectively, filed motions for sanctions against Mr. Knapp and his counsel.

{¶8} This Court issued an order on October 21, 2019, remanding the matter for a period of 60 days to allow the trial court to rule on the pending post-trial motions. Upon remand, the trial court issued a journal entry on November 5, 2019, concluding that, because Mr. Husa's appeal to this Court was already pending, the magistrate lacked jurisdiction to enter the decisions denying

the motions for sanctions. The trial court vacated the August 23, 2019 magistrate's decision and set the motions for rehearing along with Xanterra's and Mr. Husa's subsequently filed motions for sanctions. The trial court scheduled the "oral evidentiary hearing" for December 12, 2019, at 10:00 a.m., indicating that the court would hear Mr. Husa's motion for sanctions pursuant to Civ.R. 37(A)(5), Mr. Knapp's motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51, Xanterra's motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51, and Mr. Husa's motion for sanctions pursuant to R.C. 2323.51. In the journal entry, the trial court instructed the clerk to send a copy to Attorney Grubb and Attorney Owens. The journal entry contains a notation that notice of the entry was mailed on November 6, 2019, along with the signature of a deputy clerk of courts.

{¶9} The sanctions hearing proceeded as scheduled before a magistrate on December 12, 2019. The magistrate issued a decision the following day, stating that counsel appeared at the hearing on behalf of Mr. Husa and Xanterra, but that Mr. Knapp and his counsel "failed to appear for the hearing despite notice." Consequently, the magistrate denied Mr. Knapp's motion for sanctions based on his failure to appear and failure to prosecute the motion. The magistrate indicated that Mr. Husa had withdrawn his motion for sanctions pursuant to Civ.R. 37(A)(5). The magistrate then proceeded with the hearing upon the motion of Xanterra, seeking sanctions pursuant to Civ.R. 11 and R.C. 2323.51, and Mr. Husa, seeking sanctions pursuant to R.C. 2323.51.

{¶10} Relevant to the present appeal, the magistrate found that Mr. Knapp and his counsel engaged in frivolous conduct, as defined by R.C. 2323.51(A)(2)(a), that Mr. Husa was adversely affected by this frivolous conduct, and that the assessment of sanctions against both Mr. Knapp and his counsel were necessary and proper. Further, the magistrate found that Mr. Husa's request of attorney fees in the amount of $3,180.00 was based upon a reasonable hourly rate and a reasonable number of hours expended on the case. Accordingly, the magistrate recommended Mr.

Husa's August 26, 2019 motion for sanctions pursuant to R.C. 2323.51 be granted and judgment be entered "in favor of [Mr.] Husa and against [Mr.] Knapp and [his] counsel (Natalie F. Grubb, Mark E. Owens[,] and the law firm of Grubb & Associates, LPA), jointly and severally, for reasonable attorney fees in the total amount of $3,180.00."

{¶11} Mr. Knapp filed his objections to the magistrate's decision on December 26, 2019. The trial court conducted an oral hearing on Mr. Knapp's objections. On February 19, 2020, the trial court issued a journal entry concluding that the December 13, 2019 magistrate's decision contained no error of law or other defect, overruling Mr. Knapp's eleven objections, and affirming and adopting the magistrate's decision in full. In accordance with the magistrate's decision, the trial court entered judgment in favor of Mr. Husa and against Mr. Knapp and his counsel, Natalie F. Grubb ("Attorney Grubb") and Mark E. Owens ("Attorney Owens"), and their law firm, Grubb & Associates, LPA (collectively the "sanctioned parties"), jointly and severally, in the total amount of $3,180.00[1].

{¶12} The sanctioned parties timely appealed the February 19, 2020 judgment entry and jointly filed a merit brief raising seven assignments of error for our review. To facilitate our review, we consider the assignments of error out of sequence.

II.

**Assignment of Error I**

**The trial court erred in awarding sanctions to [Mr.] Husa, as a non-party.**

---

[1] Though it is not directly relevant to this appeal, the trial court also granted Xanterra's motion for sanctions and awarded reasonable attorney fees and expenses in favor of Xanterra, and against Mr. Knapp and his counsel, jointly and severally, in the amount of $18,847.02.

{¶13} In the first assignment of error, the sanctioned parties contend the trial court erred in awarding sanctions to Mr. Husa when he was a "non-party." In their argument, they discuss the fact that, because Mr. Knapp failed to perfect service on Mr. Husa within one year of filing his complaint, the action failed to commence pursuant to Civ.R. 3(A). The sanctioned parties then assert that, where service of process is defective, the trial court lacks jurisdiction to enter judgment on the complaint. Then, in a single conclusory sentence, they conclude that because Mr. Husa "had no standing to request sanctions against [Mr. Knapp] and his counsel and was not a party to the action due to failure of service and the lack of commencement of any action against [Mr.] Husa, the [t]rial [c]ourt erred as a matter of law in awarding sanctions to [Mr.] Husa."

{¶14} There is no dispute that due to Mr. Knapp's failure to commence the action, Civ.R. 3 divested the trial court of jurisdiction over the causes of action asserted against Mr. Husa. Furthermore, it is axiomatic that a trial court lacks jurisdiction to consider a complaint if service of process was defective. *Mayiras v. Sunrise Motors Inc.*, 9th Dist. Summit No. 27931, 2017-Ohio-279, ¶ 11. However, the fact that the trial court lacked jurisdiction to enter a *judgment on the complaint* against Mr. Husa does not necessarily preclude the trial court from exercising its statutory jurisdiction pursuant to R.C. 2323.51 to consider a motion for sanctions.

{¶15} A motion for sanctions under R.C. 2323.51 is collateral to the underlying proceedings and, even where the trial court is otherwise divested of jurisdiction in a civil action, the court retains jurisdiction for the limited purpose of considering a motion for sanctions in accordance with R.C. 2323.51. *Servpro v. Kinney*, 9th Dist. Summit No. 24969, 2010-Ohio-3494, ¶ 14 ("The Ohio Supreme Court has recognized several exceptions to the general rule that a trial court loses jurisdiction upon dismissal of an action. Notwithstanding the voluntary dismissal of a

claim, 'a trial court may consider certain collateral issues not related to the merits of the action.'"), quoting *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, ¶ 23.

{¶16} A trial court retains jurisdiction over a motion for sanctions when a party voluntarily dismisses an action, *id.*, and a complaint is dismissed for lack of subject matter jurisdiction, *Sunrise Coop., Inc. v. Joppeck*, 9th Dist. Lorain No. 16CA010984, 2017-Ohio-7654, ¶ 21. We see no reason why the same should not be true here, where Mr. Husa moved for sanctions after more than a year of defending against Mr. Knapp's claims and after the trial court concluded, upon review of Mr. Husa's motion for summary judgment, that Mr. Knapp's complaint failed to meet the procedural requirements and failed to commence as to Mr. Husa. It defies logic that Mr. Knapp's own procedural failure could bar Mr. Husa from seeking an award of sanctions for frivolous conduct. Moreover, the sanctioned parties have not developed an argument or provided any legal authority to support the position that a party who is forced to defend against an action that ultimately fails to commence lacks "standing" to utilize R.C. 2323.51 to recover sanctions. This Court will not create such an argument on their behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out.").

{¶17} The sanctioned parties' assignment of error one is overruled.

### Assignment of Error IV

**The trial court erred in finding that Attorney Grubb and Attorney Owens were notified of the second sanctions hearing and failed to appear.**

{¶18} In their fourth assignment of error, the sanctioned parties contend that the trial court erred when it adopted the magistrate's decision finding that Attorney Grubb and Attorney Owens had received notice of the sanctions hearing.

{¶19} Following the sanctions hearing in this case, the magistrate issued a decision on December 13, 2019, stating that Mr. Husa's August 26, 2019 motion for sanctions pursuant to R.C. 2323.51 shall be granted, and judgment entered "in favor of [Mr.] Husa and against [Mr.] Knapp and [his] counsel (Natalie F. Grubb, Mark E. Owens[,] and the law firm of Grubb & Associates, LPA), jointly and severally, for reasonable attorney fees in the total amount of $3,180.00." The sanctioned parties objected to the magistrate's findings that counsel received proper notice. The trial court overruled the objection, adopted the magistrate's decision, and entered judgment accordingly.

{¶20} Within the fourth assignment of error, the sanctioned parties present three separate arguments contending the trial court erred when—upon overruling the objections and adopting the magistrate's decision—the trial court found that Mr. Knapp's attorneys had received notice of the December 12, 2019 sanctions hearing. The sanctioned parties first argue that "Grubb & Associates, Attorney Grubb[,] and Attorney Owens" were deprived of due process. As to this issue, Attorney Grubb and Attorney Owens contend, "[h]ere, there is no proof that the envelopes addressed to the Firm, [A]ttorney Grubb[,] and [A]ttorney Owens were sent out with proper postage and actually received by the U.S. Post Office."

{¶21} This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. We do so, however, "with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. In this instance, the sanctioned parties' formal objections did not relate to substantive determinations of the magistrate but rather to their allegation that the court and/or its clerk failed to provide Mr. Knapp and his counsel with a copy of the notice of the sanctions hearing by mail. *Lambert v. Hilbish*, 9th Dist.

Summit No. 25017, 2010-Ohio-2738, ¶ 6, quoting *Schilling v. Ball*, 11th Dist. Lake No.2006-L-056, 2007-Ohio-889, ¶ 12.  Addressing a similar issue in *Amir v. Werner*, 9th Dist. Summit No. 26174, 2012-Ohio-5863, ¶ 9, this Court stated:

> Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, parties are entitled to reasonable notice of judicial proceedings and a reasonable opportunity to be heard.  *Ohio Valley Radiology Assocs. Inc. v. Ohio Valley Hosp. Ass'n*, 28 Ohio St.3d 118, 125, (1986), quoting *State, ex rel. Allstate Ins. Co. v. Bowen*, 130 Ohio St. 347, paragraph five of the syllabus (1936).  "The Supreme Court of the United States [has] held that '[a]n elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *PHH Mtge. Corp. v. Prater*, 133 Ohio St.3d 91, 2012-Ohio-3931, ¶ 9, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Such an argument is not based on a "a true objection to the magistrate's decision," but rather, the court's alleged violation of the right to due process."  *Hilbish,* at ¶ 6, quoting *Ball* at ¶ 12.

{¶22}  Contrary to the sanctioned parties' argument, the trial court observed that there was relevant evidence in the record to support the magistrate's finding.  Specifically, the trial court noted that the November 5, 2019 journal entry, providing notice five weeks prior to the December 12, 2019 sanctions hearing, contained a timestamp and the signature of a deputy clerk of court indicating that a copy of the entry was mailed to all counsel listed on the service page as of November 6, 2019.  Further, the trial court stated that the record showed that the "deputy clerk imaged copies of the envelopes containing the [scheduling journal entry] that were mailed to all counsel in this matter on November 6, 2019."  Upon the trial court's review, the trial court noted that the imaged envelopes included separate envelopes to Attorney Grubb and Attorney Owens, each with the correct mailing address.  The trial court highlighted the fact that attorneys for Mr. Husa and counsel for Xanterra all "acknowledged on the record that they received their copies" of the scheduling journal entry mailed by the clerk on November 6, 2019.

{¶23} The sanctioned parties fail to point to any evidence in the record that could support their contention that notice was not *sent* to them. *See* App.R. 16(A)(7). Additionally, they have not developed their argument to demonstrate error in the trial court's conclusion that notice was properly mailed in envelopes containing the correct address and which contained sufficient postage to reach all other parties. *See id*. Compare *Werner*, 2012-Ohio-5863 at ¶ 11-14 (concluding that the trial court's conclusion that counsel received notice was an abuse of discretion where counsel's address was not listed on the scheduling order, there was no instruction to the clerk to mail notice to counsel, and no entry in the docket to indicate that it was mailed to counsel); *Dave Walter, Inc.*, 9th Dist. Summit No. 22817, 2006-Ohio-157, ¶ 14 (concluding that sufficient evidence existed in the record to support counsel's claim that proper notice of the hearing had not been received).

{¶24} The sanctioned parties also assert that, even if there were proof that they received notice, the presumption of proper service is rebuttable. They argue that the "uncontradicted affidavits" rebut any presumption that they received notice of the December 12, 2019 sanctions hearing. It appears they are referring to the affidavits of Attorney Grubb, Attorney Owens, and the firm's office manager, Monique George, submitted to the trial court along with Mr. Knapp's objections to the magistrate's decision. They argue that these affidavits "specifically rebut the presumption created by the [m]ailbox [r]ule of the receipt of the [t]rial [c]ourt's notice" of the December 12, 2019 sanctions hearing and argue, therefore, that the magistrate's decision violates the "[s]anctioned [p]arties' procedural due process rights under both the U.S. and Ohio Constitutions, and do not satisfy the notice requirements" of R.C. 2323(B)(2)(b).

{¶25} The sanctioned parties argue the presumption that mail was received can be rebutted where counsel's uncontroverted affidavits indicate that they never received the notice. In making this argument, the sanctioned parties cite to *Grill v. Ohio Dept. of Job & Family Services*,

9th Dist. Medina No. 03CA0029-M, 2003-Ohio-5780. In *Grill*, this Court specifically found "the four affidavits submitted in th[at] case to be probative, reliable, and substantial enough to overcome any presumption of receipt of such a notice." *Id*. at ¶ 26. Here, the trial court took issue with the arguments of the sanctioned parties averring that they did not receive the notice. The trial court specifically noted that all other parties received the notice in the batch of mail on November 6, 2019, and that separate envelopes had been sent to Attorney Grubb and Attorney Owens, each with the correct address for the firm. Additionally, considering the argument in support of their objections, the trial court found that Mr. Knapp's counsel "continually and vigorously attempted to shift the burden and blame for counsel's failure to appear to the Clerk of Courts, th[e trial c]ourt, the [m]agistrate, the post office, and/or the mail delivery person – without accepting even a scintilla of personal responsibility." In other words, the trial court did not view the affidavits as "probative, reliable, and substantial enough" to rebut the evidence that notice was properly mailed and the presumption that it was received. *Id*. at ¶ 26.

{¶26} Nevertheless, even if the sanctioned parties *had* established that they did not receive the mailed notice, the trial court found that the sanctioned parties still did not sufficiently rebut the presumption that they otherwise had notice of the hearing. The trial court found that the failure to appear was inexcusable because Attorney Grubb and Attorney Owens had a duty to monitor the case and check the docket. *See, e.g. Jeter v. Gosden Construction Co., Inc.*, 9th Dist. Summit No. 18352, 1997 WL 775683, *2 (parties are expected to keep themselves informed of the progress of their case, and a lack of diligence regarding this responsibility is not excusable when a new date is indicated in a journal entry and available via an electronic docket); *see also Yoder v. Thorpe*, 10th Dist. Franklin Nos. 07AP-225, 07AP-302, 2007-Ohio-5866, ¶ 11, quoting *Ketchum v. Hoffman*, 10th Dist. Franklin No. 93APE09-1270, 1994 WL 232287, *5 ("As a general rule, 'once

a person becomes a party to an action, he has a duty to check on the proceedings of the court to assure that he will be at the hearings or trial.'"); *Davidson v. West*, 10th Dist. Franklin No. 18AP-268, 2019-Ohio-224, ¶ 14, quoting *Coleman v. R&T Invest. Property*, 10th Dist. Franklin No. 13AP-863, 2014-Ohio-2080, ¶ 14 ("'[E]ven if [the appellant] did not receive the order of reference notifying him of the [date of] trial, he had sufficient constructive notice of the trial date by virtue of the court's entry of the trial date on its docket.'").

{¶27} The trial court further found that the duty to monitor the docket was bolstered in this instance by the fact that Attorney Grubb and Attorney Owens averred that they were aware of ongoing issues with mail delivery at their office. The trial court stated that their knowledge of such a mail delivery issue required Attorney Grubb and Attorney Owens to "exercise an additional degree of diligence to actively monitor the dockets of their pending cases." Moreover, the trial court indicated that monitoring the docket was even more imperative in light of this Court's remand, which placed Attorney Grubb and Attorney Owens on notice that a hearing on the pending motions would occur within a time frame of 60 days. Accordingly, the trial court concluded that there was "simply no excuse" for Attorney Grubb and Attorney Owens's lack of diligence in failing to check the docket at any time during the five-week period from the filing of the notice on the online docket on November 5, 2019, and the hearing set for December 12, 2019. The sanctioned parties have not developed an argument on appeal to address the trial court's findings or to show that, despite these findings, the trial court erred by rejecting the affidavits as proof that the sanctioned parties had no notice of the hearing. Consequently, this Court concludes that the sanctioned parties' argument lacks merit.

{¶28} In their final contention in this assignment of error, the sanctioned parties argue that the notice of remand issued by this Court on October 21, 2019, did not provide notice of the

sanctions hearing. In considering this argument when it was raised in the objection to the magistrate's decision, the trial court found that the sanctioned parties had misinterpreted the magistrate's discussion of the remand order. The trial court explained that the notice of remand merely put Mr. Knapp and his counsel on notice that a hearing would occur within the "limited 60-day period to adjudicate the pending motions." Thus, the trial court did not impute knowledge of the actual date of the sanctions hearing to the sanctioned parties. Rather, the trial court imputed notice that a hearing would need to occur during the remand period. As we discussed above, the trial court concluded that Attorney Grubb and Attorney Owens inexcusably failed to inquire as to the status of the proceedings to ensure they would not miss a hearing, even as of the date of the sanctions hearing—December 12, 2019—with the December 20, 2019 expiration of the remand period quickly approaching.

{¶29} Upon review, this Court concludes that the sanctioned parties failed to demonstrate a deprivation of due process or any other error in the trial court's ruling that Attorney Grubb and Attorney Owens were sufficiently notified of the sanctions hearing.

{¶30} Therefore, their fourth assignment of error is overruled.

### Assignment of Error V

**The trial court erred in finding that there was a failure to prosecute [Mr. Knapp]'s February 12, 2019[] motion for sanctions against [Mr.] Husa and Attorney Tabac.**

{¶31} In the fifth assignment of error, Mr. Knapp argues that the trial court erred when, in overruling his objection and adopting the magistrate's decision, it overruled Mr. Knapp's motion for sanctions against Mr. Husa and his counsel for failure to prosecute.

{¶32} Upon consideration of Mr. Knapp's objection to the magistrate's decision, the trial court rejected the contention that the magistrate erred by finding Mr. Knapp had failed to prosecute

his motion for sanctions. In its decision, the trial court referenced Medina County Court of Common Pleas Loc.R. 4, which states that, in the event an attorney or party fails to appear for a hearing, the court has the authority as follows:

> 1. To dismiss the case, a claim or motion for want of prosecution on the Court's own motion or on the motion of the opposing party; 2. To order sanctions as provided by the Rules of Civil Procedure; 3. To allow parties who are present to proceed with the case ex-parte and to decide all matters pending before the Court; and/or 4. To make such orders as the Court may deem appropriate.

The trial court, having already determined that Mr. Knapp failed to appear at the sanctions hearing, concluded that Loc.R. 4 permitted the dismissal of Mr. Knapp's motion for want of prosecution and overruled Mr. Knapp's objection accordingly.

{¶33} In the merit brief, Mr. Knapp makes the fleeting assertion that "there cannot be a 'failure to prosecute'" because "there was a lack of notice" of the December 12, 2019 sanctions hearing. Mr. Knapp then proceeds to argue the merits of the motion for sanctions that the trial court declined to consider. However, as we concluded upon consideration of the fourth assignment of error, the sanctioned parties failed to demonstrate that they were not sufficiently notified of the sanctions hearing. Aside from relying on the alleged "lack of notice," Mr. Knapp did not otherwise contend that the decision to dismiss the motion was incorrect, let alone develop an argument to support such a contention. Here again, if an argument exists to support this assignment of error, it is not the duty of this Court to uncover it or to create an argument on Mr. Knapp's behalf. *See* App.R. 16(A)(7); *Cardone*, 1998 WL 224934, at *8.

{¶34} Therefore, Mr. Knapp's fifth assignment of error is overruled.

## Assignment of Error II

**The trial court erred in finding that [Mr. Knapp's] counsel engaged in frivolous conduct as defined in R.C. 2323.51[(A)(2)(a)].**

{¶35} In the second assignment of error, the sanctioned parties contend the trial court erred when it adopted the magistrate's decision concluding that the sanctioned parties engaged in frivolous conduct. "This Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai*, 2009-Ohio-3139, at ¶ 17.

{¶36} R.C. 2323.51(A)(2)(a) defines frivolous conduct as conduct of a party to a civil action, or the party's counsel of record, that satisfies any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a)(i)-(iv). "'Conduct' means * * * [t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action[.]" R.C. 2323.51(A)(1)(a). Pursuant to R.C. 2323.51(B)(1), a court may award court costs, reasonable attorney fees, and other reasonable expenses to any party adversely affected by frivolous conduct incurred in connection with a civil action.

{¶37} "Frivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), is judged under an objective, rather than a subjective standard, * * * and must involve egregious conduct." *State ex*

*rel. DiFranco v. City of S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, ¶ 15, citing *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, ¶ 21.  The analysis of a claim pursuant to R.C. 2323.51(A)(2) requires "a determination of (1) whether an action taken by the party to be sanctioned constitutes 'frivolous conduct,' and (2) what amount, if any, of reasonable fees necessitated by the frivolous conduct is to be awarded to the aggrieved party."  *P.N. Gilcrest Ltd. Partnership v. Doylestown Family Practice, Inc.*, 9th Dist. Wayne No. 10CA0035, 2011-Ohio-2990, ¶ 32.

{¶38}  In the magistrate's decision, the magistrate concluded that Mr. Knapp and his counsel engaged in frivolous conduct pursuant to R.C. 2323.51(A)(2)(a).  The magistrate based the decision to award sanctions on the arguments set forth in Mr. Husa's motion for sanctions, together with the evidence and testimony at the hearing and a review of the file.  However, the magistrate did not make specific findings of fact regarding the nature of the conduct the magistrate found frivolous.

{¶39}  "[A] magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law."  Civ.R. 53(D)(3)(a)(ii).  "A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision."  *Id*.  "'[I]f a magistrate has not prepared findings of fact * * *, the burden is on the party objecting to request findings of fact from the magistrate pursuant to Civ.R. 52 and Civ.R. 53(D)(3)(a)(ii).'"  *Foster v. Foster*, 10th Dist. Franklin No. 15AP-1157, 2017-Ohio-4311, ¶ 60, quoting *Casper v. Casper*, 12th Dist. Warren No. CA2012-12-128, 2013-Ohio-4329, ¶ 39.

{¶40}  Here, the sanctioned parties did not file a request for findings of fact or conclusions of law.  The sanctioned parties did, however, file objections to the magistrate's decision.  In

relevant part, they objected to the magistrate's "conclusion of law" that the sanctioned parties engaged in frivolous conduct pursuant to R.C. 2323.51(A)(2)(a). Rather than attempting to identify an error of law or to establish the absence of evidence to support the magistrate's legal conclusion, the sanctioned parties' objection generally asserted an ostensibly fact-based argument that their conduct was not frivolous and pointed to the fact that the trial court previously overruled motions to dismiss Mr. Husa's complaint as evidence that his claims were not frivolous.

{¶41} In its decision overruling the objections to the magistrate's decision the trial court stated, "[b]ased on a review of the transcript, and a complete review of the motions for sanctions and the case filed in this matter, the [trial c]ourt finds there was sufficient evidence upon which the [m]agistrate made" findings that Mr. Husa was "adversely affected by the frivolous conduct" of Mr. Knapp and his counsel. Further, the trial court noted that the sanctioned parties' emphasis on the fact that their claim survived motions to dismiss is misplaced. The trial court stated the "fact that the pleadings themselves did not provide enough of a basis to grant the motions to dismiss means nothing as it relates to the potential for sanctions under R.C. 2323.51 * * *."

{¶42} In their argument on appeal, the sanctioned parties merely reiterate the arguments they presented to the trial court in their objection to the magistrate's decision. They do not specify which R.C. 2323.51(A)(2)(a) grounds are implicated by their argument, nor do they point to any particular findings, conclusions, or portions of the record to which they assign error. *See* App.R. 16(A)(7). Further, because they did not request findings of fact and conclusions of law, the sanctioned parties did not object to any particular factual finding of frivolous conduct with the requisite specificity as designated by Civ.R. 53(D)(3)(b)(ii). Consequently, both the magistrate's decision and the trial court's judgment entry adopting that decision are devoid of any specific

explanation as to what conduct the trial court deemed frivolous or the legal basis for concluding that such conduct was frivolous pursuant to R.C. 2323.51.

{¶43} The lack of specific findings of fact "obviously circumscribes our review." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 7. In the absence of specific findings of fact, this Court will not speculate as to the absence of a legal basis to support the judgment but, instead, we "presume the correctness of the court's judgment as long as there is evidence in the record to support it." *Pawlus v. Bartrug*, 109 Ohio App.3d 796, 801 (9th Dist.1996), citing *Fletcher v. Fletcher*, 68 Ohio St.3d 464, 468 (1994). The sanctioned parties have failed to demonstrate on appeal that the trial court abused its discretion by overruling the objection and adopting the magistrate's decision upon concluding that sufficient evidence existed in the record to support a finding of frivolous conduct. *See Tabatabai*, 2009-Ohio-3139 at ¶ 17.

{¶44} The sanctioned parties' second assignment of error is overruled.

### Assignment of Error VI

**The trial court erred in finding that [Mr.] Husa was adversely affected by "the frivolous conduct of [Mr.] Knapp and his counsel." (sic.)**

{¶45} In the sixth assignment of error, the sanctioned parties argued that the trial court erred when it overruled their objection, adopted the decision of the magistrate, and determined that Mr. Husa was "adversely affected" by the frivolous conduct of Mr. Knapp and his counsel. The sanctioned parties contend that a party is "not necessarily" or "presumptively" adversely affected based "solely" upon the fact that they were forced to expend time and money to defend a lawsuit. The sanctioned parties then state, without providing any reference to the portion of the record on which they rely, that the "only adverse impact" on Mr. Husa was "the simple necessity to expend money on legal fees and costs in defense," and then, without presenting any reasons to support this contention, summarily conclude that the trial court therefore erred by finding any adverse effect

stemming from any frivolous conduct. *See* App.R. 16(A)(7) (An appellant's brief shall include an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.").

{¶46} We note that, as was the issue in the second assignment of error, the magistrate's decision did not include a specific finding of fact on this issue. Still, this Court may disregard this assignment of error solely on the sanctioned parties' failure to present legal arguments to buttress their contention that the trial court erred and affirmatively demonstrate the alleged error on appeal. *Rosen v. Chesler*, 9th Dist. Lorain No. 08CA009419, 2009-Ohio-3163, ¶ 11. Because the sanctioned parties did not articulate an argument to demonstrate error on appeal, we decline to review the issues set forth in this sixth assignment of error. *See id.*, App.R. 12(A)(2), App.R. 16(A). The sanctioned parties' sixth assignment of error is overruled.

## Assignment of Error III

**The trial court erred in finding that sanctions assessed against [Mr. Knapp] and his counsel, jointly and several, are necessary and proper under R.C. 2323.561.**

{¶47} In the third assignment of error, the sanctioned parties assert that the trial court erred as a matter of law when it adopted the magistrate's decision that an award of sanctions are necessary and proper. However, the sanctioned parties did not develop any argument within this assignment of error. *See* App.R. 16(A)(7) (An appellant's brief shall include an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."). Here, the sanctioned parties merely "incorporated by reference" the arguments in the second assignment of error and failed to suggest how prior

arguments might support their present contention. This Court "may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief, as required under App.R. 16(A)". App.R. 12(A)(2); *see* Loc.R. 7(B)(7) ("Each assignment of error shall be separately discussed * * *."). Because the sanctioned parties failed to separately argue or provide any support for the third assignment of error, this Court will not consider it.

{¶48} The sanctioned parties' third assignment of error is overruled.

### Assignment of Error VII

**The trial court erred in finding that the number of hours billed by [Mr.] Husa's counsel are reasonable.**

{¶49} In the seventh assignment of error, the sanctioned parties argue that the trial court erred when it found—upon overruling their objection and adopting the decision of the magistrate—that the amount of time Mr. Husa's counsel spent on the matter, and their hourly rate, were fair and reasonable.

This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Cloyd*, 2008-Ohio-5232 at ¶ 9. We do so, however, "with reference to the nature of the underlying matter." *Tabatabai*, 2009-Ohio-3139 at ¶ 18. In this assignment of error, the sanctioned parties challenge the trial court's determination of the reasonable amount of fees to award for frivolous conduct under R.C. 2323.51. We reiterate that, once it has been determined that a party is to be sanctioned for frivolous conduct pursuant to R.C. 2323.51, the next step is to determine what amount, if any, "of reasonable fees necessitated by the frivolous conduct" should be awarded to the moving party. *P.N. Gilcrest*, 2011-Ohio-2990 at ¶ 32. The applicable standard of review depends on which part of the analysis is at issue on appeal. *Flint v. Fling*, 9th Dist. Lorain No. 15CA010895, 2016-Ohio-5279, ¶ 7. As to the trial court's award of attorney fees

for frivolous conduct pursuant to R.C. 2323.51, this Court reviews for an abuse of discretion. *S & S Computer Syss., Inc. v. Peng*, 9th Dist. Summit No. 20889, 2002-Ohio-2905 at ¶ 9. It is well settled that, once a court is empowered to award attorney fees pursuant to statute, "'the amount of such fees is within the sound discretion of the trial court.'" *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91 (8th Dist.1999). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶50} In the magistrate's decision awarding sanctions, the magistrate cited to Prof.R. Cond. 1.5 for the factors to be considered when determining the reasonableness of an attorney fee request. The magistrate stated:

> [Mr.] Husa is requesting an award of attorney fees in the amount of $3,180.00. Attorney Tabac indicated he reduced his hourly rate to $90.00 an hour to represent [Mr.] Husa in this matter, meaning Attorney Tabac is requesting fees for a little more than 35 hours of work in this matter. Based on a review of the case file, [Mr.] Husa's Exhibit A, and the factors contained in [Prof.R. Cond.] 1.5, the Magistrate finds both the hourly rate and the number of hours Attorney Tabac spent on this case to be reasonable.

Accordingly, the magistrate recommended that the trial court award sanctions and enter judgment in favor of Mr. Husa in the amount of $3,180.00.

{¶51} Among their objections to the magistrate's findings of fact, the sanctioned parties presented an objection to the magistrate's finding that the number of hours Mr. Husa's counsel spent on this case are reasonable. Within this objection, however, the sanctioned parties did not challenge any particular finding of fact in the magistrate's decision. Instead, the sanctioned parties presented a series of citations to various cases: some discussing what constitutes sufficient evidence of necessary and reasonable attorney fees, some admonishing against a trial court

speculating as to whether the hours were necessary or the fee reasonable. Then, without clarifying the relevance to their argument, the sanctioned parties asserted that "[m]ere bluster and legal argument" by Mr. Husa and his counsel at the sanctions hearing would not constitute evidence of the necessity and reasonableness of attorney fees. However, the sanctioned parties then acknowledged that Mr. Husa and his counsel submitted billing itemization of Mr. Husa's counsel, which was entered into evidence at the sanctions hearing. The sanctioned parties made the bare declaration that any portions of the billing that related to preparation of Mr. Husa's answer and counterclaim, as well as his response to Mr. Knapp's motion for summary judgment, should not be awarded as sanctions.

{¶52} In overruling this objection, the trial court stated that Mr. Husa was "not required to present testimony from a separate expert or separate qualified witness" to establish the reasonableness of the amount of attorney fees requested as a sanction pursuant to R.C. 2323.51. The trial court further stated that the magistrate "did not err in determining, from the evidence presented, that both the time spent on the matter and the hourly rate were fair and reasonable." Thus, the trial court rejected their argument that Mr. Husa was required, under the circumstances of this particular case, to present the testimony of an expert in addition to the evidence presented, to establish the reasonableness of his claim for attorney fees.

{¶53} In their brief on appeal, the parties duplicate much of the caselaw they cited in their objection to the magistrate's decision without developing a clear argument. They do contend that "[w]ithout testimony from an expert or other qualified witness, the [t]rial [c]ourt had to speculate as to the reasonable amount of time necessary for the successful prosecution of [Mr.] Husa's defense." However, the transcript of the hearing reflects the testimony of Mr. Husa's attorney, William Tabac, attesting to the reasonableness of his fees, which he stated were billed at a reduced

rate. Attorney Tabac requested a total of $3,180.00 in fees and testified that the billing was reflected in his "Statement For Services" admitted into evidence, without objection, as Exhibit A. The sanctioned parties have failed to show that the trial court was forced to speculate despite this testimony and evidence in the record.

{¶54} The determination of what is "'reasonable, for purposes of calculating attorney fees, is a question of fact[, and] the trial court must have evidence before it probative of that issue in order to make the finding.'" (Alterations sic.) *Wrinch v. Miller*, 183 Ohio App.3d 445, 2009-Ohio-3862, ¶ 38 (9th Dist.), quoting *Hall v. Nazario*, 9th Dist. Lorain No. 07CA009131, 2007-Ohio-6401, ¶ 17. The sanctioned parties have not demonstrated that the trial court abused its discretion when it determined that the magistrate based the factual findings on sufficient evidence before him during the sanctions hearing.

{¶55} Additionally, the sanctioned parties raise issues with the billing itemization of Mr. Husa's counsel, which was entered into evidence at the sanctions hearing. The sanctioned parties assert for the first time on appeal that seven "portions" of the invoice should not have been awarded. The sanctioned parties vaguely assert that "a substantial portion" of Mr. Husa's claimed attorney fees were not necessary or reasonable. These challenged portions described in their merit brief overlap in time and amount, ranging from September 5, 2018, to February 2019, and dispute a combined total of $5,667.00 on a $3,180.00 award of attorney fees. However, the sanctioned parties do not develop any argument to explain *why* these amounts should not be have been awarded, nor do they provide an explanation as to how they arrive at their ultimate conclusion that "none of the $3,180.00 billed" and awarded to Mr. Husa as sanctions was necessary and reasonable.

{¶56} Regardless, this Court need not consider these challenges to portions of the amount of attorney fees awarded. The sanctioned parties did not specifically object to any particular portion of the amount of fees that the magistrate found to be reasonable regarding the $3,180.00 sanctions award. Civ.R. 53(D)(3)(b)(ii) states that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." "Where a party fails to raise an issue in its objections to a magistrate's decision, that issue is forfeited on appeal." *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 24; *see also* Civ.R. 53(D)(3)(b). The sanctioned parties have forfeited the arguments not raised in their objection and have not argued plain error. *McMaster v. Akron Health Dept.*, 189 Ohio App.3d 222, 2010-Ohio-3851, ¶ 20 (9th Dist.).

{¶57} The seventh assignment of error is overruled.

### III.

{¶58} Each of Mr. Knapp's and the sanctioned parties' seven assignments of error are overruled. The judgment of the Medina County Court of Common Pleas entering judgment awarding sanctions in favor of Mr. Husa is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS.

CALLAHAN, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶59} I agree with the lead opinion's resolution of the first, second, third, fourth, fifth, and sixth assignments of error. With respect to the seventh assignment of error, I respectfully dissent.

{¶60} In domestic relations cases, this Court has concluded that expert testimony is not required to establish the reasonableness of attorney fees under R.C. 3105.73 and, instead, that a trial court "'may rely on its own knowledge and experience to determine the reasonableness of the amount claimed.'" *Greer v. Greer*, 9th Dist. Lorain No. 18CA011407, 2019-Ohio-4304, ¶ 21, quoting *Long v. Long*, 10th Dist. Franklin No. 11AP-510, 2012-Ohio-6254, ¶ 20. Some courts have addressed whether expert testimony is required in other contexts, but this Court has yet to do so explicitly. *See, e.g., Ritzler v. Arcadia*, 3d Dist. Hancock No. 5-20-16, 2020-Ohio-4416, ¶ 25; *Cruz v. English Nanny & Governess School*, 8th Dist. Cuyahoga No. 108767, 2020-Ohio-4216, ¶

41-45; *Law Office of Mona J. Fine v. French*, 5th Dist. Knox No. 17 CA 20, 2018-Ohio-2256, ¶ 27.

{¶61} In this case, the trial court acknowledged this dilemma, but resolved the issue in reliance on a domestic relations case from this Court. Regardless of whether expert testimony is required in every case, I would conclude that in this case, it was necessary to establish the reasonableness of the attorney fees. On that basis, I would sustain the seventh assignment of error.

APPEARANCES:

NATALIE F. GRUBB and MARK E. OWENS, Attorneys at Law, for Appellant.

DANIEL THIEL, Attorney at Law, for Appellee.

WILLIAM TABAC, Attorney at Law, for Appellee.

ORVILLE L. REED, Attorney at Law, for Appellee.